FILED
U.S. DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 30  PM 2: 06

Joshua M. Freeman
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545

Attorney for Defendant
Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, INC., Assignee for Pinettes, Inc., and TERRY STAHLMAN, and JIM GOARD, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| THE NEW PEANUT FARM, INC., DOWL, LLC, NANA DEVELOPMENT, INC, MUNICIPALITY OF ANCHORAGE, ZONING BOARD OF EXAMINERS AND APPEALS, DEPARTMENT COMMUNITY PLANNING AND DEVELOPMENT, A MUNICIPAL BUILDING OFFICIAL, Jack Lewis, Tim Potter, Ron Thompson And Donald Alspach, Individually. | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

A 0 5 - 3 0 1 · CV

Case No. 3AN-05-6032 CI
U.S. District Court Case No. _____

## NOTICE OF REMOVAL OF ACTION
## TO UNITED STATES DISTRICT COURT

Pursuant to 28 U.S.C. § 1441, defendants Municipality of Anchorage, Zoning Board of Examiners and Appeals, Department Community Planning and Development, Municipal Building Official (Municipality) provide notice of removal of the above-captioned civil action from the Superior Court, Third Judicial District, State of Alaska to the United States District Court, District of Alaska.

MUNICIPALITY
OF
ANCHORAGE

OFFICE OF THE
MUNICIPAL ATTORNEY

P.O. Box 196650
Anchorage, Alaska
99519-6650

Telephone: 343-4545
Facsimile: 343-4550

The removal is based on the following grounds:

1.     Plaintiffs filed the above-captioned civil action, Case No. 3AN-05-6032 CI in Superior Court, Third Judicial District, State of Alaska.

2.     Plaintiffs have filed a motion for order accepting fifth amended complaint. The motion and fifth amended complaint are attached. *See* Ex. A.

3.     The United States District Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, since the motion and fifth amended complaint allege violations of the United States Constitution and 42 U.S.C. § 1983 by the Municipality.

4.     This notice for removal is timely under 28 U.S.C. 1446(b). The motion for order accepting fifth amended complaint in Alaska Superior Court Case No. 3AN-05-6032 CI was filed on or about December 19, 2005. The Municipality received service of the motion for order accepting fifth amended complaint on December 19, 2005. Less than thirty (30) days has elapsed since receipt of the motion and notice of the federal claims.

5.     Written notice of the filing of the notice of removal will be filed simultaneously with the Clerk of Trial Courts, Third Judicial District, State of Alaska, along with a copy of this notice of removal. Written notice of the filing of the notice of removal will also be simultaneously served on the adverse party.

6.     All documents which have been filed in the Alaska Superior Court, Case No. 3AN-05-6032 CI, and a list of such documents are submitted with this notice.

**MUNICIPALITY
OF
ANCHORAGE**

OFFICE OF THE
MUNICIPAL ATTORNEY

P.O. Box 196650
Anchorage, Alaska
99519-6650

Telephone: 343-4545
Facsimile: 343-4550

Notice of Removal of Action to U.S. Dist. Ct.
Stahlman, et al. v. New Peanut Farm, et al.
Sup. Ct. Case #:  3AN-05-6032 CI
Page 2 of 3

WHEREFORE, defendants pray that the above-captioned action be removed from the Superior Court for the State of Alaska, Third Judicial District, to the United States District Court for the District of Alaska.

RESPECTFULLY submitted this _____29_____ day of December, 2005.

FREDERICK H. BONESS
Municipal Attorney

By: _____
Joshua M. Freeman
Assistant Municipal Attorney
Alaska Bar No. 0305015

I hereby certify that I caused to be mailed a
True and correct copy of the foregoing document
to:

Peter C. Gamache
&
Dan K. Coffey

On ___12/30___, 2005
_____
Patricia A. Karella

MUNICIPALITY
OF
ANCHORAGE

OFFICE OF THE
MUNICIPAL ATTORNEY

P.O. Box 196650
Anchorage, Alaska
99519-6650

Telephone: 343-4545
Facsimile: 343-4550

Notice of Removal of Action to U.S. Dist. Ct.
Stahlman, et al. v. New Peanut Farm, et al.
Sup. Ct. Case #:  3AN-05-6032 CI
Page 3 of 3

*1/16 cat*
*(1/17)*

*holiday*

05 DEC 19 PH 1:53

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, Inc. Assignee for PINETTES, Inc. and TERRY STAHLMAN AND JIM GOARD, Individually, | ) ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| THE NEW PEANUT FARM, Inc., <u>et al.</u> | ) ) |
| Defendants. | ) ) |
| | ) Case No. 3 AN - 05- 6032 CI |

## MOTION FOR ORDER ACCEPTING
## FIFTH AMENDED COMPLAINT [1]

The Stahlman Family Foundation, Inc., as assignee of Pineettes, Inc., Terry
Stahlman, and Jim Goard, individually through undersigned counsel, hereby move for an order
accepting the plaintiffs' **Fifth Amended Complaint** in place of all earlier complaints. This
motion is intended to: (1) clarify the parties and claims against each party, (2) simplify the
management of the case and (3) further the resolution of the issues in dispute between the parties.
This motion is supported by the memorandum below and by the reasoning and affidavit
supporting the plaintiffs' **Motion Withdrawing All Pending Motions Without Prejudice**, filed
Dec. 9, 2005.

---

[1] An earlier filled complaint was mislabeled "Fourth Amended Complaint" when it was actually the third
amendment to the complaint. Therefore and to avoid confusion, this new amendment is styled the "Fifth Amended
Complaint" when it is in fact the fourth amendment of the complaint.

MOTION TO ACCEPT FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                                    Page 1 of 11

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

I.    The Fourth Amended Complaint

Plaintiffs' Fourth Amended Complaint alleged the 15 claims listed below. The individual defendants named in each claim are identified as follows: MOA (Municipality of Anchorage, ZB (MOA Zoning Board), PD (MOA Planning Department), PF (Peanut Farm), and DOWL (Dowl Engineering) [since dismissed by stipulation as a defendant.] The information in brackets after each claim indicates whether the claim was new or was previously alleged in the First Complaint.

1. Reclassification of the PF Deck was Void          [Same Claim # 1 as 1st Complaint]
   MOA, ZB, PF, DOWL

2. Reclassification of the PF Deck was a Fraud          [Same Claim # 2]
   MOA, ZB, PF, DOWL, and an unnamed Building Official

3. Variance for the PF Deck was Without Hearing          [Same Claim #3]
   ZB

4. Negligent Violation of Constitutional Rights          [Same Claim # 4]
   MOA, ZB, and R. Thompson and D. Alspach, individually

5. Intentional Interference with Prosp. Econ. Advantage          [Same Claim #5]
   R. Thompson, D. Alspach, and T. Potter (now a dismissed defendant)

6. Negligent Interference with Prosp. Econ. Advantage          [Same Claim #6]
   MOA, ZB, PD, R. Thompson, D. Alspach, and an unnamed Building Official

7. Violation of Good Faith and Fair Dealing          [Same Claim # 7]
   PF and Jack Lewis, individually

8. Infliction of Severe Emotional Distress on T. Stahlman          [Same Claim # 8]
   All defendants jointly and severally

9. Infliction of Severe Emotional Distress on J. Goard          [Same Claim # 9]
   All defendants jointly and severally

10. Gross Negligence in Conduct of Official Duties          [Same Claim #10]
    MOA, ZB, R. Thompson and D. Alspach

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

11. Negligence in Conduct of Regulated Duties          [New Claim in 4th
    DOWL and T. Potter (defendants now dismissed)       Amended Complaint]

12. Punitive Damages                                    [Old Claim # 11]
    All defendants

13. Negligent Interference with Lease Agreement         [New Claim in 4th
    MOA, ZB, R. Thompson and D. Alspach                  Amended Complaint]

14. Breach of lease Agreement                           [New Claim in 4th
    PF and Jack Lewis, individually                      Amended Complaint]

15. Negligent Solicitation (AS 11.31.110)               [New Claim in 4th
    MOA, ZB, PD, and an unnamed Building Official         Amended Complaint]

II.    The Fifth Amended Complaint

        The Fifth Amended Complaint simplifies the case by (1) dividing the allegations

between the Municipality and Peanut Farm defendants, (2) eliminating the claims against

dismissed defendants NANA Corporation, Dowl Engineering and Tim Potter, (3) re-alleging

claims using more conventional nomenclature [2] , and (4) adding three [3] new claims.    These

new claims are discussed in detail below.

        The proposed Fifth Amended Complaint alleges 15 claims or causes of action, the same

number of claims as in the Fourth Amended Complaint.    These causes of action are

summarized in the list below.    The information in brackets after each cause indicates whether

the cause is new or was alleged in the Fourth Complaint.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

---

[2] E.g. the alleged violation of Constitutional Rights in violation AS 11.76.110 becomes alleged violations of the
First and Fourteenth Amendments.

MOTION TO ACCEPT FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                                      Page 3 of 11

FIFTH AMENDED COMPLAINT

Causes of Action against the Municipality of Anchorage Defendants:

1.  Reclassification of the PF Deck was Void          [Claim # 1 in 4th Complaint]

2.  Reclassification of the PF Deck was a Fraud    ~     [Same Claim # 2]

3.  Variance for the PF Deck was Without Hearing        [Same Claim #3]

4.  Gross negligence of Official Duties          [Claim # 10 in 4th Complaint]

5.  Intentional Interference with Prosp. Econ. Advantage     [Same Claim #5]

6.  Negligent Interference with Prosp. Econ. Advantage     [Same Claim #6]

7.  Restraint of Trade                    [New Claim]

8.  Inverse Condemnation                 [New Claim]

9.  Violation of First Amendment Rights         [Claim # 4 in 4th Complaint]

10.  Violation of 42 USC §1983             [Claim # 4 in 4th Complaint]

Causes of Action against the Peanut Farm Defendants:

11.  Breach of Lease Agreement             [Claim # 14 in 4th Complaint]

12.  Breach of Constructive Contract            [New Claim]

13.  Breach of Good Faith and Fair Dealing      [Claim # 12 in 4th Complaint]

Causes of Action against all Defendants:

14.  Infliction of Emotional Distress on T. Stahlman [Claim # 8 in 4th Complaint]

15.  Infliction of Emotional Distress on J. Goard     [Claim # 9 in 4th Complaint]

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

III.    Discussion

The plaintiffs assume that the defendants have no objection to the proposed Fifth Amended Complaint to the extent that it merely re-numbers or re-alleges claims made in the Fourth Amended Complaint.[3]   This leaves only a discussion of the new claims.

A.   The new claims arose out of the same conduct, transaction or occurrence set forth in the plaintiffs' original Complaint for damages.

The Fifth Amended Complaint contains three (3) new claims or causes of action not alleged in the prior complaints.  These new claims are permitted under Civil Rule 15 because they arose out of the same conduct, transaction or occurrence set forth in the plaintiffs' original complaint and, therefore, relate back to that complaint.  Rule 15 (c), Ak R. Civil P. provides:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the in the original pleading, the amendment relates back to the date of the original pleading."

Comparing the Fifth Amended Complaint with the original complaint, the transaction alleged is identical, and the alleged conduct by the defendants is identical.  The witnesses and documentary evidence needed to support or defend against the claims alleged is identical.  The general or common allegations of the original complaint (Paragraphs 1 – 63) are restated in the common allegations alleged in the Fifth Amended Complaint (Paragraphs 1-53)  Both complaints tell the same story regarding the demise of the plaintiffs' business, a strip club operated as the Showboat, on premises owned by the Peanut Farm.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

---

[3]  This is not to say the defendants accept the allegations or waive any objections or defenses  to them which the defendants may have, but rather to say that they cannot reasonably object to a clearer re-statement of the claims.

MOTION TO ACCEPT FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.

The plaintiffs enjoyed a long term lease and were good tenants. (Paragraph 18) [4] The plaintiffs and Peanut Farm's representative struck a tentative agreement involving a lease worth $1,000,000 and improvements to the premises worth an additional $3,000,000. (Paragraphs 19 - 20) The Peanut Farms needed the MOA's approval of various applications for variances and permits needed for its own expansion, particularly as to its deck and bridge over Campbell Creek. (Paragraphs 22 – 25 and 35 – 53) The MOA defendants and representatives of the Peanut Farm engaged in ex parte communications leading to an understanding whereby Peanut farm would get its needed variances and permits to advance the MOA's unlawful aim of putting the plaintiffs out of the strip club business. (Paragraphs 26 - 34) The plaintiffs learned of this secret understanding from an article in the Anchorage Daily News quoting a Peanut Farm corporate officer. (Paragraphs 54 - 55) As a result of these disclosures of unlawful government action resulting the loss of plaintiffs' business and future business, they suffered sever emotional distress. (Paragraph 56)

The only new common allegations are contained paragraphs 51, 52, and 53 of the Fifth Amended Complaint. These go to damages, and allege that the MOA's animosity unlawful conduct toward the plaintiffs and their adult entertainment business has continued to the present.

Because the new claims in the Fifth Amended Complaint arise out of the allegations in the original complaint, such that the amendment falls within the ambit of Rule 15 and should be allowed. An amended complaint need not be identical, but only sufficiently related to the original complaint to avoid prejudice to the opposing party and to insure that the opposing

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

---

[4] The paragraph reference numbers in this section refer to the paragraphs in the original complaint.
MOTION TO ACCEPT FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                                        Page 6 of 11

party has notice of the claims from the beginning. <u>Norman v. Nichiro Gyogyo Kaisha, Ltd.</u>, 645
P 2d. 191 (Alaska 1982). The allegations of the original complaint provide fair notice to the
defendants of the claims alleged in the Fifth Amended Complaint.

    1.  <u>Restraint of Trade against MOA</u>

    AS 45.50.563 provides in part that "Any....conspiracy, in restraint of trade or
commerce is unlawful." The story alleged in the common or predicate allegations (which are
essentially identical in the First, Fourth Amended, and Fifth Amended Complaints) is a
conspiracy by the MOA defendants to put Showboat out of business in restraint of trade. While
this is a new cause of action, it is based on the same conduct, transaction or occurrence set forth
in the plaintiffs' original complaint and, therefore, relates back to that complaint. Rule 15 (c),
Ak R. Civil P.

    2.  <u>Inverse Condemnation against MOA</u>

    The theory of inverse condemnation is that the MOA defendants closed the plaintiffs'
business enterprise by taking the Showboat premises without compensation. The reason this
was a "taking" was that the MOA interfered with Pinettes Inc.'s lease renewal for the express
purpose of putting the Showboat strip club out of business. They did this not by the exercise of
eminent domain, but allegedly by: : (1) their undue favorable treatment of the Peanut Farm in
its building, safety and land use permit and variance applications for the purpose of putting the
plaintiffs' Showboat strip club out of business; (2) their interference with the plaintiffs'
prospective economic advantage with Peanut Farm for the purpose of putting the plaintiffs'
Showboat strip club out of business; (3) their improper influence with AIDEA officials in
securing for the Peanut Farm subsidized financing against which the plaintiff's offer of a

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

MOTION TO ACCEPT FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                                    Page 7 of 11

$1,000,000 Showboat lease and $3,000,000 in Showboat improvements could not compete; (4) their arbitrary and insidious animus toward Terry Stahlman, Jim Goard, and their lawful enterprise, the Showboat strip club, which animus caused the demise of their enterprise in unlawful restraint of trade and in violation of the plaintiffs federal and state constitutional rights; (5) their arbitrary transfer to the Peanut Farm of the Showboats' adult entertainment license or permit, its surrender by the Peanut Farm back to the MOA, and the continued inability of Terry Stahlman and Jim Goard to regain that license or permit, to transfer it to a different location within Anchorage, or to obtain a new one; and/or (6) their continuing unreasonable and arbitrary obstruction and denial of an adult establishment permit for the operation on East 5th Avenue of Pinettes, Inc.'s Showgirls.

The first five (5) of the six (6) numbered allegations above are based on the same conduct, transaction or occurrence set forth in the plaintiffs' original complaint and, therefore, relate back to that complaint. Rule 15 (c), Ak R. Civil P. The only new factual allegation is number six (6) above, brings the allegations up to date, and completes the story of the "taking". The new allegations are contained in Paragraphs 51, 52, and 53 of the Fifth Amended Complaint.

### 3. Breach of Constructive Contract against Peanut Farm

This new cause of action against defendant Peanut Farm alleges that it completed its agreement or conspiracy with the MOA only _after_ agreeing to re-new Pinettes Inc.'s lease. It does not allege new facts, but rather a new legal basis for recovery of damages. This new cause of action is based on the same conduct, transaction or occurrence set forth in the plaintiffs' original complaint and, therefore, relates back to that complaint. Rule 15 (c), Ak R. Civil P.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

B. The new First and Fourteenth Amendment claims restate the original Claim # 4,

the alleged violation of plaintiffs' constitutional rights in violation of AS 11.76.110.

In the original complaint, claim # 4 alleged the negligent violation of constitutional

rights.

**AS 11.76.110. Interference with constitutional rights.**

**(a)** A person commits the crime of interference with constitutional rights if
**(1)** the person injures, oppresses, threatens, or intimidates another person with intent to deprive that person of a right, privilege, or immunity in fact granted by the constitution or laws of this state;
**(2)** the person intentionally injures, oppresses, threatens, or intimidates another person because that person has exercised or enjoyed a right, privilege, or immunity in fact granted by the constitution or laws of this state; or
**(3)** under color of law, ordinance, or regulation of this state or a municipality or other political subdivision of this state, the person intentionally deprives another of a right, privilege, or immunity in fact granted by the constitution or laws of this state.
**(b)** In a prosecution under this section, whether the injury, oppression, threat, intimidation, or deprivation concerns a right, privilege, or immunity granted by the constitution or laws of this state is a question of law.
**(c)** Interference with constitutional rights is a class A misdemeanor.

The plaintiffs concede that violation of the plaintiff's constitutional rights was not

artfully alleged. However, and in the context of the original complaint, the defendants were

placed on notice of alleged constitutional violations. From a fair reading of the original

complaint (plus the Anchorage Daily News article cited) one concludes that it was the nature of

the plaintiffs' adult entertainment business that aroused the MOA's animosity and alleged

tortuous conduct. However it is precisely the offensive nature of strip clubs that affords them

First Amendment protection. Putting a strip club out of business, for the reason that it is a strip

club, virtually assures First Amendment claims. Therefore, the MOA defendants were on

notice of the plaintiffs' constitutional claims, and are not prejudiced by the First Amendment

MOTION TO ACCEPT FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                          Page 9 of 11

claim in the Fifth Amended Complaint.

To an even greater extent, the original complaint anticipates a Fourteenth Amendment

due process claim against the MOA defendants. It alleges a litany of procedural missteps and

governmental misconduct which together failed to protect the Campbell Creek habitat, the

public's interest in a open and fair hearing and review process, and the plaintiffs' due process

rights. Therefore, the MOA defendants were on notice of the plaintiffs' due process claims,

and are not prejudiced by the Fourteenth Amendment claim in the Fifth Amended Complaint

alleging a violation of 42 USC §1983.

IV.    Conclusion

For all of the above reasons, the courts should enter an order accepting the Fifth

Amended Complaint.

Dated this ___19___ day of ___Dec___, 2005, at Anchorage, Alaska.

Law Office of Peter C. Gamache
Attorney for Plaintiff

Peter C. Gamache
Alaska Bar No. 8211116

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

MOTION TO ACCEPT FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

Page 10 of 11

**Certificate of Service**

The undersigned certifies that the foregoing :

1. **Motion for Order Accepting Fifth Amended Complaint**
with **attached Fifth Amended Complaint**, and
2. **Order Accepting Fifth Amended Complaint**

were personally delivered on Monday,
December ____19+h____, 2005, to:

W. Sherman Ernouf, Esq.
Law Firm Ernouf & Coffey, PC
207 E. Northern Lights Blvd., Suite 200
Anchorage, Alaska 99503

Joshua Freeman, Esq.
Municipality of Anchorage Dept. of Law
632 W. 6th Ave., Suite 210
Anchorage, Alaska 99519-6650

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

MOTION TO ACCEPT FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

Page 11 of 11

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

|  |  |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, Inc.<br>Assignee for PINETTES, Inc. and<br>TERRY STAHLMAN AND JIM GOARD,<br>Individually,<br><div align="center">Plaintiffs,</div><br>vs.<br><br>THE NEW PEANUT FARM, Inc., et al.<br><div align="center">Defendants.</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3 AN - 05- 6032 CI |

## FIFTH AMENDED COMPLAINT [1]

The Stahlman Family Foundation, Inc., as assignee of Pinettes, Inc., Terry Stahlman, and Jim Goard, individually through undersigned counsel, hereby submit this Complaint for Declaratory and Injunctive Relief, Damages and Punitive Damages against defendants, and allege as follows:

### JURISDICTION

1. All acts alleged herein occurred within the State of Alaska. All witnesses, documents, correspondence, and written and oral communications took place or were located in Alaska.

Law Office of Peter C. Gamache<br>405 W. 36th AVENUE, SUITE 201<br>ANCHORAGE, ALASKA 99503-5872<br>(907) 563-6969

---

[1] An earlier filled complaint was mislabeled "Fourth Amended Complaint" when it was actually the third amendment to the complaint. Therefore, and to avoid confusion, this new amendment is styled the "Fifth

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                                                Page 1 of 22

## PARTIES

2.  Plaintiff Pinettes, Inc. was an Alaska company, doing business as the Showboat.

3.  Pinettes, Inc. was voluntarily dissolved due to a corporate error on June 14, 2004, and re-incorporated on September 22, 2005.

4.  At all times during its dissolution, Pinettes, Inc. continued to own assets, pay taxes, generate income, and generally do business in Alaska.

5.  On Feb. 8, 2005, Pinettes, Inc. assigned its rights to recover the claims of Pinettes, Inc. to The Stahlman Family Foundation, Inc.

6.  Plaintiff Terry Stahlman is an officer and principal shareholder of Pinette's Inc.

7.  Plaintiff Jim Goard is an officer and principal shareholder of Pinette's, Inc.

8.  Defendant, The New Peanut Farm, Inc., (hereinafter referred to as "Peanut Farm") is an Alaska company doing business in Anchorage, and is liable for the acts and omissions of its officers, employees and agents.

9.  Defendant, the Municipality of Anchorage, (hereinafter "MOA") is a home rule municipal corporation, with the power to sue and be sued, and which is liable for the acts and omissions of its officers, employees and agents, who may be subject to AS 29.20.610.

10.  Defendant, the Municipality of Anchorage Zoning Board of Examinations and Appeals (hereinafter "Zoning Board") is an agency of the Municipality of Anchorage, is liable for the acts and omissions of its officers, employees and agents, and which may be subject to AS 29.20.610.

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

Amended Complaint" when it is in fact the fourth amendment of the complaint.
FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                                    Page 2 of 22

11. . Defendant, the Municipality of Anchorage Department of Community Planning and Development (hereinafter "Planning Dept.") is an agency of the Municipality of Anchorage, is liable for the acts and omissions of its officers, employees and agents, and which may be subject to AS 29.20.610.

12. Defendant, a Municipality of Anchorage Building Official, (hereinafter "Building Official") is an officer, employee or agent of the Municipality of Anchorage, and who may be subject to AS 29.20.610.

## FACTS

13. Pinettes, Inc leased from Peanut Farm a building in Anchorage where it operated the Showboat for over 10 years. Pinettes, Inc. was a good tenant.

14. In 2003 and 2004, Pinettes, Inc, by and through its owners, Terry Stahlman and Jim Goard, negotiated with the Peanut Farm a new long term lease for the Showboat including substantial property upgrades at the expense of Pinettes, Inc.

15. The terms negotiated was One Million Dollars ($1,000,000.00) for exclusive rights to operate Showboat for 20 years, and for an additional Three Million Dollars ($3,000,000.00) in upgrades and renovations to the premises occupied by Showboat.

16. Peanut Farm had an alternative to the Showboat lease extension, which was to raze Showboat and rebuild the Peanut Farm into the New Peanut Farm.

17. Based on the statements and conduct of the Peanut Farm's agents, Pinettes, Inc. reasonably believed that the Peanut Farm was going to execute the negotiated agreement and extend its lease.

18. Pinettes, Inc reasonably believed that the Peanut Farm could not obtain municipal

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

approval for the building of the New Peanut Farm because of the existence of a deck built

without permits after the enactment of municipal setback regulations for the protection of

Campbell Creek.

19. At the 2-12-04 hearing of the Zoning Board, a representative of Dowl Engineering,

as agent for the Peanut Farm, requested permission, on behalf of his clients, to walk away from

the long-term lease extension negotiated with Pinettes, Inc. for the renovation of Showboat.

20. At this hearing, the Zoning Board denied one of the variance applications submitted

by Dowl Engineering on behalf of the Peanut Farm, and continued the public hearing on the

deck to until 4-08-04.

21. On or about the time of the 2-12-94 hearing, representatives of Dowl Engineering,

the Peanut Farm and the MOA, and others, including Ron Thompson and Donald Alspach,

engaged in ex parte communications regarding Peanut Farms proposed expansion, its variance

applications, and other government benefits, including an AIDA loan, Peanut Farm needed to

complete its proposed expansion.

22. These ex parte communications included personal conversations or contact via e-

mail, phone transmissions, fax transmissions, or cellular transmissions utilizing governmental

and private resources.

23. As a result of these ex parte communications, Peanut Farm's agents reasonably

believed that the MOA and its representatives had a discriminatory animus toward adult "strip

clubs" and, in particular, toward the Showboat, Terry Stahlman, and Jim Goard.

24. As a result of these ex parte communications, Peanut Farm's agents reasonably

believed that the MOA and its representatives wanted something other than an adult "strip

Law Office of Peter C. Gamache
405 W. 36ᵗʰ AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                                          Page 4 of 22

club" at the location and road intersection where the Showboat was operating and expecting to operate.

25. As a result of these ex parte communications, agents for the Peanut Farm concluded that the MOA's discriminatory animus toward Showboat, Stahlman and Goard could be instrumental in obtaining MOA approval of Peanut Farm's proposed expansion.

26. As a result of these ex parte communications, agents for the MOA concluded that Peanut Farm's proposed expansion was an opportunity for the MOA to put the Showboat adult "strip club" permanently out of business, provided that MOA gave Peanut Farm the variances needed for expansion, including the deck and despite the earlier variance denial.

27. As a result of these ex parte communications, agents for the Peanut Farm reasonably believed that they had reached an ex parte informal understanding with agents for the MOA for approval of Peanut Farm's expansion at the expense and to the detriment of plaintiffs.

28. Pursuant to this informal understanding, Peanut Farm's agents promised to terminate its lease with Pinettes, Inc., and to terminate negotiations for Showboat's lease renewal and expansion, in exchange for MOA's approval of Peanut Farm's expansion.

29. At the time this informal understanding was reached, agents of Peanut Farm and the MOA had actual knowledge that the proposed Peanut Farm expansion violated numerous land use regulations, including those for the protection of Campbell Creek.

30. At the time this informal understanding was reached, agents of Peanut Farm and the MOA had actual knowledge that the Peanut Farm's variance applications needed to be either approved or withdrawn in order for Peanut Farm to proceed with its proposed expansion.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

31. At the time this informal understanding was reached, agents of Peanut Farm and the MOA had actual knowledge that a variance needed for such expansion had been denied at Zoning Board Hearing of 2-12-04.

32. At the time this informal understanding was reached, agents of Peanut Farm and the MOA had actual knowledge that the public hearing on the deck was continued to 4-08-04.

33. At the time this informal understanding was reached, agents of Peanut Farm and the MOA had actual knowledge that acting on this understanding would result in substantial injury and loss to the plaintiffs by permanently putting Showboat out of business.

34. This informal understanding was acknowledged by an agent for the Peanut Farm in statements appearing in an Anchorage Daily News article on January 8, 2005.

35. In furtherance of this informal understanding, Dowl Engineering withdrew Peanut Farm's deck permit application, the MOA permitted withdrawal of the application, and at the Zoning Board hearing of 4-08-04 the deck did not appear on the agenda for public hearing.

36. In furtherance of this informal understanding, Peanut Farm rejected Showboats lease renewal and proposed expansion, and gave Pinettes, Inc, Showboat, Terry Stahlman and Jim Goard 72 hours to vacate the premises.

37. In furtherance of this informal understanding, on 4-15-04 Dowl Engineering, on Peanut Farm's behalf, made a formal request for determination to the MOA that its deck be deemed an "erosion control measure" and "habitat restoration".

38. However, Dowl Engineering knew and failed to disclose that Peanut Farm had re-vegetated the area surrounding the deck in the same growing season it which the deck was built, that the bridge adjoining the deck had been destroyed and re-built, and was therefore a non-

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                              Page 6 of 22

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

conforming use, and that the peanut Farm expansion would unreasonably and unlawfully encroach on protected Campbell Creek habitat.

39.  In furtherance of this informal understanding, on 4-15-04 the MOA Planning Department granted Peanut Farm's requested determination, and confirmed it with a non-notarized signature.

40.  In furtherance of this informal understanding, on 4-27-04 an MOA building official confirmed Peanut Farm's requested determination with a non-notarized signature.

41.  In furtherance of this informal understanding, on 4-27-04 Peanut Farm's requested determination was recorded as a purported conveyance between Dowl Engineering, the MOA Planning Department, and the Peanut Farm as Grantors, and the MOA as Grantee.

42.  At the time of this purported conveyance, Dowl Engineering, Peanut Farm, the MOA, the MOA Planning Department  had actual knowledge that the deck and other aspects of the Peanut Farm's proposed expansion was an impermissible non-conforming use and an impermissible encroachment and degradation of the protected wetland and habitat of Campbell Creek.

43.  In furtherance of this informal understanding, on 6-10-04 the Zoning Board gave final approval to Peanut Farm's proposed expansion by Consent Resolution and without a public hearing on the deck or approval of the variances needed for such expansion.

44.  Plaintiffs learned of this informal understanding from the Anchorage Daily News article of January 8, 2005.

45.  In this article, an agent for the Peanut Farm is quoted as saying: "State legislators from Anchorage, Mayor Mark Begich, community council members and others were extremely

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

influential in helping the Peanut Farm get financing and variances to building codes allowing expansion. They wanted that Showboat gone."

46. The informal understanding and the acts and omissions taken by defendants in furtherance thereof, virtually assured a substantial subsidized loan from AIDEA to the Peanut Farm, as the loan could not have been made had the defendants not maliciously and unlawfully reclassified non-conforming uses into conforming ones.

47. As a direct and proximate result to defendants' actions and animus, plaintiffs Terry Stalhman and Jim Goard have suffered substantial injury and loss, including the loss of their business and livelihood, and severe emotional distress to the point of sickness.

48. On 02-25-05 Terry Stahlman, through counsel, lodged with the MOA a code complaint regarding the deck. Defendant MOA has never responded.

49. The plaintiffs, as owners and operators of the Showboat, had a valid adult establishment permit issued by the MOA.

50. In furtherance of the understanding between and among the defendants to put Showboat out of business by an unlawful expansion of the Peanut Farm, the Showboat's adult establishment permit was unlawfully transferred to the Peanut Farm, which immediately surrendered the permit to the MOA.

51. The effect of this permit transfer and surrender was to put Showboat out of business, and to keep it permanently out of business by preventing the transfer of the permit to a new location within Anchorage.

52. Since the demise of the Showboat, Terry Stahlman and Jim Goard have tried to open another adult 'strip club" on East 5th Avenue to be known as Pinettes, Inc.'s Showgirls.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

Despite a combined 50 years of experience in the adult entertainment industry, and the expenditure of substantial sums for site renovations and improvements, their efforts have been arbitrarily thwarted and defeated by the MOA.

53. The discriminatory animus by the MOA toward Terry Stahlman in particular, and to a lesser extent toward Jim Goard, as demonstrated by the MOA's role in the closing and elimination of Showboat continues to this day as demonstrated by the MOA's unreasonable and arbitrary obstruction and denial of an adult establishment permit for the operation of Pinettes, Inc.'s Showgirls.

## Causes of Action I – X against the Municipality of Anchorage Defendants

### FIRST CAUSE OF ACTION

#### (Reclassification of Deck as Against Public Policy)

54. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

55. Defendants Peanut Farm, MOA, Zoning Board, and Planning Dept. reached a private agreement or determination for "reclassifying" the Peanut Farm's deck for the purpose of avoiding public review.

56. This purpose was in violation of the Open Meetings Act, the Clean Water Act, and other laws for the protection of the Campbell Creek wetland habitat.

57. The basis of this "reclassification" was to further the defendants' private agreement against defendants, was a misuse of governmental power, and should be declared void as against public policy.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                    Page 9 of 22

58. This "reclassification" was a direct and proximate cause of plaintiffs' losses and damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Conveyance "Reclassifying" the Deck was Fraudulent)

59. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

60. Defendants Peanut Farm, MOA, Zoning Board, and Planning Dept. furthered their private agreement or determination with a purported conveyance recorded on 4-27-04.

61. This conveyance was the basis for the Zoning Board's Consent Resolution on 6-10-04 which resolution permitted the Peanut Farm's expansion including its use of the non-conforming deck and bridge.

62. This conveyance further permitted Peanut Farm to obtain a subsidized AIDEA loan for which it was, but for the conveyance, ineligible.

63. This conveyance further permitted Peanut Farm to reject Defendants' and Showboat's lease renewal and proposed expansion.

64. This conveyance was fraudulent in that it misled the public in representing that the deck was a conforming use, when the defendants knew it was not; and it should be set aside.

65. This conveyance was a direct a direct and proximate cause of plaintiffs' losses and damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (The Zoning Board Violated the Open Meetings Act)

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

66. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

67. Defendants Peanut Farm, MOA, Zoning Board, and Planning Dept. furthered their private agreement or determination by obtaining from the Zoning Board on 6-10-04 a Consent Resolution on the Peanut Farm's deck.

68. The Consent Resolution resulted in the Peanut Farm's deck variance application being removed from the public agenda, such that no public hearing was held.

69. No public hearing meant that the status and existence of the deck and adjoining bridge over Campbell Creek, the outcome of the Peanut Farm's variance application, the protection, or lack thereof, of the adjacent Campbell Creek wetland habitat area, and the Peanut Farm's expansion were all decided in private, without public knowledge or input, in violation of the Open Meetings Act, AS 44.62.310, and should be set aside.

70. This violation was a direct and proximate cause of plaintiffs' losses and damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

### (Gross Negligence of Official Duties)

71. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

72. Agents of defendants MOA, and Zoning Board, including Ron Thompson and Donald Alspach, at all relevant times acted within the course and scope of their employment.

Law Office of Peter C. Gamache
405 W. 36ᵗʰ AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

73. With regard to the acts and omissions which serve as the factual basis for the allegations in Causes of Action I through X, agents of defendants MOA, and Zoning Board, including Ron Thompson and Donald Alspach, were grossly negligent in their official duties.

74. This gross negligence was a direct and proximate cause of plaintiffs' losses and damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic Advantage)

75. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

76. A prospective business relationship existed between Pinettes, Inc and defendant Peanut Farm.

77. Defendants MOA, Zoning Board, Ron Thompson and Donald Alspach knew of this prospective business relationship and within the course and scope of their official duties intentionally interfered with it without lawful justification to do so.

78. This intentional interference was a direct and proximate cause of plaintiffs' losses and damages, including the loss of their Showboat lease, premises, business, and adult entertainment license, in amounts to be proven at trial.

## SIXTH CAUSE OF ACTION

(Negligent Interference with Prospective Economic Advantage)

79. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

80.  Defendants MOA, Zoning Board, Planning Dept. Ron Thompson, Donald Alspach and an unnamed Building Official, knowing that a prospective business relationship existed between Pinettes Inc. and the peanut Farm,  had a duty to refrain from interfering with the prospective business advantage of Pinettes, Inc.

81.  Defendants MOA, Zoning Board, Planning Dept. Ron Thompson, Donald Alspach and an unnamed Building Official, acting within the course and scope of their official duties, breached this duty.

82.  This breach was a direct and proximate cause of plaintiffs' losses and damages, including the loss of their Showboat lease, premises, business, and adult entertainment license, in amounts to be proven at trial.

<center>SEVENTH CAUSE OF ACTION</center>

<center>(Restraint of Trade)</center>

83.  Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

84.  Defendants MOA, Zoning Board, Planning Dept. Ron Thompson, Donald Alspach and an unnamed Building Official, in combination with agents and representatives of the Peanut Farm and AIDEA, entered into an understanding, determination or conspiracy to shut down the Showboat, the plaintiffs' adult entertainment strip club.

85.  This combination, understanding, determination, or conspiracy in restraint of trade or commerce was unlawful, and in violation of AS 45.50.562.

86. This combination, understanding, determination, or conspiracy in restraint of trade or commerce was a direct and proximate cause of plaintiffs' losses and damages, including the

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

loss of their Showboat lease, premises, business, and adult entertainment license, in amounts to be proven at trial.

87.  As persons who were injured in their business or property by defendants' violation of restraint of trade or commerce, plaintiffs are entitled to triple damages pursuant to AS 45. 50.576.

### EIGHTH CAUSE OF ACTION

#### (Inverse Condemnation)

88.  Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

89.  The actions and omissions alleged above against defendant MOA, and its employees, agents, and officials, including but not limited to: (1) their undue favorable treatment of the Peanut Farm in its building, safety and land use permit and variance applications for the purpose of putting the plaintiffs' Showboat strip club out of business; (2) their interference with the plaintiffs' prospective economic advantage with Peanut Farm for the purpose of putting the plaintiffs' Showboat strip club out of business; (3) their improper influence with AIDEA officials in securing for the Peanut Farm subsidized financing against which the plaintiff's offer of a $1,000,000 Showboat lease and $3,000,000 in Showboat improvements could not compete; (4) their arbitrary and insidious animus toward Terry Stahlman, Jim Goard, and their lawful enterprise, the Showboat strip club, which animus caused the demise of their enterprise in unlawful restraint of trade and in violation of the plaintiffs federal and state constitutional rights; (5) their arbitrary transfer to the Peanut Farm of the Showboats' adult entertainment license or permit, its surrender by the Peanut Farm back to

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

the MOA, and the continued inability of Terry Stahlman and Jim Goard to regain that license or permit, to transfer it to a different location within Anchorage, or to obtain a new one; and/or (6) their continuing unreasonable and arbitrary obstruction and denial of an adult establishment permit for the operation on East 5th Avenue of Pinettes, Inc.'s Showgirls, were the direct and proximate cause of permanently putting the Showboat and the plaintiffs' adult entertainment enterprise out of business.

90. All of which constitutes a taking of the plaintiffs' property for which compensation is due them under the Fifth Amendment to the U.S. Constitution and Article I, Section 18 of the Alaska Constitution.

## NINTH CAUSE OF ACTION

### (Violation of First Amendment Rights)

91. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

92. Adult entertainment strip clubs, and the nude dancing practiced there, involves human expression protected as free speech by the First Amendment of the U.S. Constitution and Article I, Section 5 of the Alaska Constitution.

93. The actions and omissions alleged above against defendant MOA, and its employees, agents, and officials, and which resulted in the permanent closing of the plaintiff's adult entertainment strip club was a violation of the free speech protections afforded by the U.S. and Alaska constitutions, for which closing plaintiffs should be compensated, and against which defendant MOA must be enjoined from preventing the re-opening of plaintiffs' adult entertainment enterprise.

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05-6032 CI

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

## TENTH CAUSE OF ACTION

### (Violation of 42 USC §1983)

94. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

95. The actions and omissions alleged above against defendant MOA, and its employees, agents, and officials, including but not limited to: (1) their undue favorable treatment of the Peanut Farm in its building, safety and land use permit and variance applications for the purpose of putting the plaintiffs' Showboat strip club out of business; (2) their interference with the plaintiffs' prospective economic advantage with Peanut Farm for the purpose of putting the plaintiffs' Showboat strip club out of business; (3) their improper influence with AIDEA officials in securing for the Peanut Farm subsidized financing against which the plaintiff's offer of a $1,000,000 Showboat lease and $3,000,000 in Showboat improvements could not compete; (4) their arbitrary and insidious animus toward Terry Stahlman, Jim Goard, and their lawful enterprise, the Showboat strip club, which animus caused the demise of their enterprise in unlawful restraint of trade and in violation of the plaintiffs federal and state constitutional rights; (5) their arbitrary transfer to the Peanut Farm of the Showboats' adult entertainment license or permit, its surrender by the Peanut Farm back to the MOA, and the continued inability of Terry Stahlman and Jim Goard to regain that license or permit, to transfer it to a different location within Anchorage, or to obtain a new one; and/or (6) their continuing unreasonable and arbitrary obstruction and denial of an adult establishment permit for the operation on East 5th Avenue of Pinettes Inc.'s Showgirls amounted to arbitrary and capricious conduct harmful and discriminatory to plaintiffs and their property interests in

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                    Page 16 of 22

violation of the Fourteenth Amendment to the U.S. Constitution, Article I, Section 7 of the

Alaska Constitution, and 42 USC § 1983.

## Causes of Action XI – XIII against the Peanut Farm Defendants

### ELEVENTH CAUSE OF ACTION

### (Breach of Lease Agreement)

96. Plaintiffs re-allege and incorporate by reference each and every allegation in the

foregoing paragraphs.

97. On or about April 19, 1994, defendant Peanut Farm and Pinettes Inc. entered into a

lease for the Showboat's premises.

98. The plaintiffs honored that lease and remained in compliance with its provisions,

including the payment of rent as a hold-over tenant.

99. By giving Pinettes Inc. only 72 hours to vacate the premises, the Peanut Farm

violated various terms of the hold-over lease agreement.

100. As a direct and proximate result of this breach, the plaintiffs suffered loss and

damage to their personal property and other property interests, including lost income and

profits and the loss of their adult license permit.

### TWELVTH CAUSE OF ACTION

### (Breach of Constructive Contract)

101. Plaintiffs re-allege and incorporate by reference each and every allegation in the

foregoing paragraphs.

102. The lease renewal negotiations between representative of the Peanut Farm and

Pinettes Inc. culminated in an agreement for a long-term lease valued at nearly $4,000,000.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

103. Peanut Farm's representatives assured Pinettes Inc.'s representatives that their offer was accepted, and that a written agreement could be signed in days because Peanut Farm's applications for various permits and variances to MOA for its own expansion plans were going to be denied.

104. After acceptance of Pinettes Inc.'s offer, Peanut Farm entered into an understanding, determination or conspiracy with MOA by offering to "walk away" from its agreement with Pinettes Inc.

105. By the conduct of its representatives and agents, Peanut Farm breached its constructive contract with Pinettes Inc.

106. As a direct and proximate result of this breach, the plaintiffs suffered loss and damage to their personal property and other property interests, including lost income and profits and the loss of their adult license permit.

### THIRTEENTH CAUSE OF ACTION

#### (Breach of Good Faith and Fair Dealing)

107. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

108. The Peanut Farm and its representatives and agents had an affirmative duty to deal in good faith with the plaintiffs.

109. By facilitating the MOA, and its employees, agents and officers, to arbitrarily, capriciously and unlawfully favor the Peanut Farm at the expense of Pinettes Inc, and for the express purpose of putting the plaintiffs' out of the adult entertainment business, defendant Peanut Farm breached its duty of good faith and fair dealing.

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

110. As a direct and proximate result of this breach, the plaintiffs suffered loss and damage to their personal property and other property interests, including lost income and profits and the loss of their adult license permit.

### Causes of Action IX – XV against all Defendants

FOURTEENTH CAUSE OF ACTION

(Infliction of Emotional Distress on Terry Stahlman)

111. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

112. Defendant MOA, its employees, agents and officials, and defendant Peanut Farm, and its agents and representatives, by engaging in the arbitrary, capricious and malicious acts above alleged, which acts targeted Terry Stahlman and his business, income, profits, and livelihood, intentionally or recklessly caused severe emotional distress to plaintiff Terry Stahlman, for which he is entitled to compensation for his losses and damages.

FIFTEENTH CAUSE OF ACTION

(Infliction of Emotional Distress on Jim Goard)

113. Plaintiffs re-allege and incorporate by reference each and every allegation in the foregoing paragraphs.

114. Defendant MOA, its employees, agents and officials, and defendant Peanut Farm, and its agents and representatives, by engaging in the arbitrary, capricious and malicious acts above alleged, which acts targeted Jim Goard and his business, income, profits, and livelihood, intentionally or recklessly caused severe emotional distress to plaintiff Jim Goard, for which he is entitled to compensation for his losses and damages.

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI

Page 19 of 22

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

## PRAYOR FOR RELIEF

WHEREFORE, plaintiffs pray for entry of judgment and an award of damages and punitive damages, costs, fees, interest and other just relief for plaintiffs against defendants as follows:

### Causes of Action I – X against the Municipality of Anchorage Defendants

1. On the First Cause of Action (Reclassification of Deck as Against Public Policy), a declaratory judgment voiding the reclassification of Peanut Farm's deck as against public policy.

2. On the Second Cause of Action (Conveyance "Reclassifying" the Deck was Fraudulent), a declaratory judgment voiding the conveyance of the deck' reclassification as fraudulent.

3. On the Third Cause of Action (The Zoning Board Violated the Open Meetings Act), a declaratory judgment voiding the Zoning Board's Consent Resolution of 6-10-04 regarding the peanut Farm's deck as void for violating the Opens Meeting Act.

4. On the Fourth Cause of Action (Gross Negligence of Official Duties), damages and punitive damages in amounts to be proven at trial.

5. On the Fifth Cause of Action (Intentional Interference with Prospective Economic Advantage), damages and punitive damages in amounts to be proven at trial, including, but not limited to, plaintiffs' loss of past and future profits, and loss of their adult entertainment license.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                                    Page 20 of 22

6. On the Sixth Cause of Action (Negligent Interference with Prospective Economic Advantage), damages in an amount to be proven at trial, including, but not limited to, plaintiffs' loss of past and future profits, and loss of their adult entertainment license.

7. On the Seventh Cause of Action (Restraint of Trade), treble the amount of damages proven at trial, including, but not limited to, plaintiffs' loss of past and future profits, and loss of their adult entertainment license.

8. On the Eighth Cause of Action (Inverse Condemnation), damages to be proven at trial equal to the fair market value of the Showboat at the time of condemnation, plus the plaintiffs' loss of past and future profits, and loss of their adult entertainment license.

9. On the Ninth and Tenth Causes of Action (Violation of First Amendment Rights) and (Violation of 42 USC §1983), damages and punitive damages in amounts to be proven at trail commensurate with the wanton violation of plaintiffs' constitutional rights.

10. On the First through the Tenth Causes of Action, any other injunctive or equitable relief as may be needed to afford plaintiffs a complete remedy.

### Causes of Action XI – XIII against the Peanut Farm Defendants

11. On the Eleventh, Twelfth, and Thirteenth Causes of Action (Breach of Lease Agreement) (Breach of Constructive Contract) and (Breach of Good Faith and Fair Dealing), damages in an amount to be proven at trial, including, but not limited to, plaintiffs' loss of past and future profits, and loss of their adult entertainment license.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

### Causes of Action IX – XV against all Defendants

12. On the Fourteenth and Fifteenth Causes of Action (Infliction of Emotional Distress on Terry Stahlman and on Jim Goard), damages in an amount to be proven at trial, including, but not limited to, past and future medical expenses, and past and future pain and suffering arising from the emotional stress inflicted by defendants.

Dated this _____ day of _____, 2006, at Anchorage, Alaska.

                        Law Office of Peter C. Gamache
                        Attorney for Plaintiffs


                        _____
                        Peter C. Gamache
                        Alaska Bar No. 8211116

Law Office of Peter C. Gamache
405 W. 36ᵗʰ AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

THE STAHLMAN FAMILY FOUNDATION, Inc. )
Assignee for PINETTES, Inc. and                  )
TERRY STAHLMAN AND JIM GOARD,                     )
Individually,                                     )
                Plaintiffs,                  )
                                              )
vs.                                               )
                                              )
THE NEW PEANUT FARM, Inc., et al.                 )
                                              )
             Defendants.                     )
_____ )     Case No. 3 AN - 05- 6032 CI

## ORDER ACCEPTING  FIFTH AMENDED COMPLAINT

         The plaintiffs having moved for an order accepting for filing the plaintiffs' Fifth

Amended Complaint, the defendants having responded, and the court being fully advised in the

premises:

         WHEREFORE, IT IS ORDERED:

         1. That the plaintiff's Fifth Amended Complaint is accepted for filing; and

         2. That the defendants shall answer within 20 days after service of the amended

            complaint upon them.

         Dated this _____ day of January, 2006 at Anchorage, Alaska.

                           _____

                           Peter A Michalski
                           Superior Court Judge

**Law Office of Peter C. Gamache**
405 W. 36ᵗʰ AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

ORDER ACCEPTING FIFTH AMENDED COMPLAINT
Stahlman et al. v. New Peanut Farm, et al.
Case No. 3AN-05- 6032 CI                                    Page 1 of 1