Joshua M. Freeman
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545

Attorney for Defendant
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, INC., Assignee for Pinettes, Inc., and TERRY STAHLMAN, and JIM GOARD, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| THE NEW PEANUT FARM, INC., DOWL, LLC, NANA DEVELOPMENT, INC, MUNICIPALITY OF ANCHORAGE, ZONING BOARD OF EXAMINERS AND APPEALS, DEPARTMENT COMMUNITY PLANNING AND DEVELOPMENT, A MUNICIPAL BUILDING OFFICIAL, Jack Lewis, Tim Potter, Ron Thompson And Donald Alspach, Individually. | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

U.S. District Court Case No. A05-301 CV (JWS)

## RENEWED MOTION TO DISMISS

Municipality of Anchorage, Zoning Board of Examiners and Appeals, Department Community Planning and Development and Municipal Building Official (Municipality) filed a notice of removal in the instant matter on December 30, 2005. In a minute order dated January 3, 2006 this court ordered that any undecided motions filed in state court

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 1 of 11

must be renewed and refiled. The instant motion to dismiss is a renewal of the Municipality's motion to dismiss filed in the Superior Court of Alaska on July 7, 2005 and which the state court had not decided.

## MOTION TO DISMISS

The Municipality moves the court to dismiss the Plaintiffs' against the Municipality in its entirety for failure to state a claim upon which relief can be granted. This motion to dismiss is supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Civil rule 12(b)(6) allows dismissal of a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For purposes of this motion, the Municipality does not dispute the facts asserted by the Plaintiffs to support their action. *See Gompper v. VISX, Inc.*, 298 F.3d 893,896 (9th Cir. 2002) ("On a motion to dismiss, the reviewing court must accept plaintiff's allegations as true and construe them in the light most favorable to the plaintiff."). However, Plaintiffs' set of facts fail to state a claim on which relief can be granted.

## DISCUSSION

According to Plaintiffs, Pinettes, Inc., (Pinettes) was an Alaska company, doing business as the Showboat. *See* Pls' Second Am. Compl. for Damages at 2.[1] Pinettes was

---

[1] This motion is to dismiss Plaintiffs' second amended complaint. Plaintiffs filed their complaint on March 16, 2005, their amended complaint on March 22, 2005, and their second amended complaint on April 6, 2005. The Municipality answered the second amended complaint on April 26, 2005. Plaintiffs then filed a notice of filing

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 2 of 11

voluntarily dissolved on June 14, 2004. *See id.* Plaintiffs assert that Pinettes continues to exist pursuant to AS 10.06.678. *See id.* On February 8, 2005 Pinettes assigned its rights to recover claims to The Stahlman Family Foundation, Inc., (Stahlman Family). *See id.*

Under common law, after dissolution a corporation could not sue or be sued. *See Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1185 (7th Cir. 1980) ("Under the common law a corporation's capacity to sue or be sued terminated when the corporation was legally dissolved.") (citation omitted)); *Penasquitos, Inc. v. Superior Court*, 812 P.2d 154, 156 (Cal. 1991) (noting that California no longer follows common law rules regarding dissolution of corporation).

A number of states through legislation have abandoned the common law rule in favor of post-dissolution survival of the corporation. *See* California Corporations Code § 2010; 8 Delaware Code § 278; New York Business Corporation Law § 1006; Arizona Revised Statutes § 10-1405. These survival statutes provide for the corporation's continued existence in order to prosecute and defend actions in court.

However, Alaska law is not so expansive. It only allows survival of the corporation after dissolution for, *inter alia*, the purpose of <u>defending</u> actions against it. That Alaska's statute is more narrowly drawn is demonstrated by its legislative history.

---

fourth amended complaint on April 28, 2005 – the fourth amended complaint was mis-captioned because it was actually Plaintiffs' third-amended complaint. Because the Municipality had filed its answer before Plaintiffs' fourth amended complaint, Alaska civil rules require leave of court or written consent of the adverse parties to file an amended complaint. *See* Ak. Civ. R. 15. Neither was obtained. Consequently, the current complaint before the court is the second amended complaint.

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 3 of 11

The original bill before the legislature permitted a dissolved corporation to prosecute actions:

> (a) A corporation that is dissolved voluntarily or involuntarily continues to exist for the purpose of winding up its affairs, <u>prosecuting</u> and defending actions by or against it, and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets. A dissolved corporation does not continue to exist for the purpose of continuing business except so far as necessary for winding up the business.
>
> (b) An action or proceeding to which a corporation is a party does not abate by the dissolution of the corporation or by reason of proceedings for winding up and dissolution of the corporation.
>
> (c) Assets inadvertently or otherwise omitted from the winding up continue as assets of the dissolved corporation for the benefit of persons entitled to the assets upon dissolution of the corporation and on realization the assets shall be distributed to the persons entitled.
>
> (d) The directors of the corporation on the date of its dissolution or as determined under AS 10.06.663 shall exercise and enjoy the powers necessary to act under the terms of this section.

HB 322, 15th Leg., 1st Sess., Sec. 10.06.678 (1987) (emphasis added).[2]

However, as signed into law the language permitting the prosecution of an action by a dissolved corporation was excluded. "While every word of a statute must be presumed to have been used for a purpose, it is also the case that every word <u>excluded</u> from a statute must be presumed to have been <u>excluded</u> for a purpose." *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 46.06 (6th ed. 2000) (emphasis added), *cited in Ganz v. Alaska Airlines, Inc.*, 963 P.2d 1015, 1018 (Alaska 1998). Here the

---

[2] The text of bills and resolutions can be found at www.legis.state.ak.us.

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 4 of 11

obvious purpose of the legislature was to preclude the ability of a corporation from prosecuting an action after dissolution.

Moreover, if there was any doubt as to the intent of the legislature in its removal of the word "prosecuting" and thereby eliminating the legal mechanism by which a dissolved corporation could prosecute an action, the legislature also added a provision that specifically precluded the commencement of an action in court by a dissolved corporation:

> (a)  A corporation that is dissolved voluntarily or involuntarily continues to exist for the purpose of winding up its affairs, defending actions against it, and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets.  A dissolved corporation does not continue to exist for the purpose of continuing business except so far as necessary for winding up the business.
>
> (b)  An action or proceeding to which a corporation is a party does not abate by the dissolution of the corporation or by reason of proceedings for winding up and dissolution of the corporation. <u>A corporation that is dissolved voluntarily or involuntarily may not commence a court action</u>, except for a court action under AS 10.06.675.
>
> (c) Assets inadvertently or otherwise omitted from the winding up continue as assets of the dissolved corporation for the benefit of persons entitled to the assets upon dissolution of the corporation and on realization the assets shall be distributed to the persons entitled.
>
> (d)  The directors of the corporation on the date of its dissolution or as determined under AS 10.06.663 shall exercise and enjoy the powers necessary to act under the terms of this section.

HB 322, 15th Leg., 2d Sess., Sec. 10.06.678 (1988) (signed into law June 17, 1988) (emphasis added).

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 5 of 11

Plaintiffs' reliance on AS 10.06.678 is misplaced. This statute provides for the corporation's survival solely for the purpose of, "winding up its affairs, <u>defending</u> actions against it, and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets." AS 10.06.678(a). It also clearly states that, "[a] corporation that is dissolved voluntarily…may not commence a court action…." AS 10.06.678(c).[3]

Pinettes voluntary dissolved on June 14, 2004. Plaintiffs filed the instant action on March 16, 2005. State law precludes any action against the Municipality by Pinettes.

Plaintiffs claim that Pinettes assigned its right to recover claims to Stahlman Family on February 8, 2005. This post-dissolution assignment does not provide Stahlman Family with the right to commence an action against the Municipality.

In the case of assignments, the assignee stands in the same position as the assignor. *See Lount v. Mosher*, 115 F.2d 903 (9th Cir. 1940), *cited in U.S. v. Metropolitan Life Ins. Co.*, 683 F.2d 1250, 1251 (9th Cir. 1982). As noted by Judge Posner recently: "An assignor can assign only what he has, and so, as the cases say, the assignee stands in the shoes of the assignor." *In re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 956-57 (7th Cir. 2003)) (citations omitted)).

Pinettes was dissolved on June 14, 2004. According to state law, after this date Pinettes may not commence an action in court. If Pinettes, the assignor, may not commence an action, neither may Stahlman Family, the assignee, in the place of Pinettes

---

[3] This section does allow a court action for the limited purpose of recovering amounts improperly distributed. *See* AS 10.06.675. However, that is not the situation here.

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 6 of 11

since the assignee stands in the same position as the assignor. In other words, if Pinettes has no "right" to recover claims based on the commencement of an action in state court, neither does Stahlman Family.

Terry Stahlman and Jim Goard, as owners of Pinettes, are also included as Plaintiffs in their individual capacity. *See* Pls' Second Am. Compl. for Damages at 2. However, they have no claim against the Municipality.

There are two types of actions available to a shareholder in a company, individual and derivative. The general rule under Alaska state law is that, "a shareholder has no individual cause of action for injuries to his corporation." *Hikita v. Nichiro Gyogyo Kaisha, Ltd.*, 713 P.2d 1197, 1199 (Alaska 1986). There is an exception for those cases where there is a breach of contract to which the shareholder is a party. *See id.* at 1200. However, the complaint filed by Plaintiffs does not allege that Stahlman or Goard were, individually, parties to a contract that was breached.

Stahlman and Goard do not have an individual claim based on the complaint as plead. The only contractual injury possibly suffered, based on the complaint, was to Pinettes. Any possible loss to Stahlman or Goard was strictly as shareholders invested in Pinettes, and even <u>if</u> the Municipality or any other defendant engaged in untoward conduct:

> "It is universal…[in the case of] forbidden practices…being done and carried on…it is that corporation alone, and not its stockholders (few or many), officers, directors, creditors or licensors, who has a right to recovery, even though in an economic sense real harm may well be sustained as the impact of such wrongful acts bring about reduced earnings,

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 7 of 11

>lower salaries, bonuses, injury to general business reputation, or diminution in the value of ownership."

*Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 603 (6th Cir. 1988) (citation omitted).

Plaintiffs' complaint also pleads tort claims against the Municipality. They allege intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, breach of duty of good faith and fair dealing, emotional distress, and gross negligence.[4]

Stahlman and Goard may not maintain claims for intentional and negligent interference with prospective economic advantage, breach of duty of good faith and fair dealing and gross negligence. The complaint as plead does not indicate a contract was entered by Pinettes and also Stahlman and Goard, individually. Under principals of corporate law: "To obtain a personal right of action, there must be relations between the individual and the tortfeasor independent of those which the shareholder derives through his interest in the corporate assets and business." *Schroeder v. Hudgins*, 690 P.2d 114, 117 (Ariz.App. 1984), *abrogation on other grounds by* 762 P.2d 1345 (Ariz.App. 1988), *cited in* 12B Fletcher, *Cyclopedia of the Law of Private Corporations* § 5914 (2004). Stahlman and Goard have plead no relations outside of Pinettes. Consequently, as plead, damages resulting from intentional and negligent interference with prospective economic

---

[4] Punitive damages are also claimed against the Municipality. *See* Pls' Second Am. Compl. for Damages at 17-18. Punitive damages cannot be assessed against the Municipality and as such should be dismissed. *See Richardson v. Fairbanks North Star Borough*, 705 P.2d 454, 455 n. 1 (Alaska 1985) (We agree with the majority of jurisdictions that hold that punitive damages cannot be awarded against a municipality without statutory authorization.").

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 8 of 11

advantage, breach of duty of good faith and fair dealing and gross negligence are all injuries to Pinettes.

As to Stahlman and Goard's claim for severe emotional distress, since this is a motion to dismiss, the court must take as true their assertion that they suffered severe emotional distress. *See* Pls' Second Am. Compl. for Damages at 9. However, Stahlman and Goard have failed to plead any facts to show that the Municipality's conduct was intentional or reckless to the point that it was, "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Lybrand v. Trask*, 31 P.3d 801, 803 (Alaska 2001) (internal quotations omitted) (footnote omitted).

Plaintiffs allege an animus against strip clubs, and a desire by the Municipality to have something other than a strip club at the Showboat location. *See* Pls' Second Am. Compl. for Damages at 6. But this is far short of showing an intentional desire or reckless behavior on the part of the Municipality to cause Stahlman or Goard emotional distress. Moreover, even when the whole complaint is accepted true, the alleged behavior by the Municipality was not outside the bounds of decency, atrocious, or utterly intolerable in a civilized society. Stahlman and Goard have failed to plead cognizable claims for emotional distress and they should be dismissed.

## CONCLUSION

Pinettes voluntarily dissolved on June 14, 2004. Under state law, after dissolution a corporation may not commence a court action. Consequently, the assignment of rights

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 9 of 11

to recover claims from Pinettes to Stahlman Family on February 8, 2005 was futile, since Pinettes had no rights of recovery through a court action to assign. Stahlman Family as assignee of Pinettes should be dismissed from this action.

Terry Stahlman and Jim Goard allege they were owners of Pinettes and are named individually in the instant action. However, the complaint alleges no torts applicable to either of these individual shareholders which give rise to separate claims. The only possible claim they could have would be pursuant to a shareholder action, either individually or derivatively. However, neither is legally supportable. Thus, Terry Stahlman's and Jim Goard's claims should be dismissed.

The Municipality requests the court dismiss the Plaintiffs' action against the Municipality in its entirety for failure to state a claim upon which relief can be granted.

DATED January 10, 2006.

FREDERICK H. BONESS
Municipal Attorney

By: s/ Joshua M. Freeman
Assistant Municipal Attorney
P.O. Box 196650
Anchorage, AK  99519-6650
(907) 343-4545
(907) 343-4550 – fax
uslit@muni.org
Alaska Bar No. 0305015

The undersigned hereby certifies that on _____ a
true and correct copy of the _____
was served on:

Peter C. Gamache
LAW OFFICE OF PETER C. GAMACHE

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 10 of 11

405 W. 36th Ave., #201
Anchorage, AK 99503-5872

Dan K. Coffey
LAW FIRM OF ERNOUF & COFFEY
207 E. Northern Lights Blvd., #200
Anchorage, AK 99503

Mary L. Pate
EIDE, MILLER & PATE P.C.
425 "G" St., #930
Anchorage, AK 99501

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing

s/ Patricia A. Karella
Patricia A. Karella, Legal Secretary
Municipal Attorneys Office

Stahlman, et al. v. The New Peanut Farm, et al.
Municipality's Renewed Motion to Dismiss
U.S. District Court Case No. A05-301 CV (JWS)
Page 11 of 11