IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, INC., Assignee for Pinettes, Inc., and TERRY STAHLMAN and JIM GOARD, Individually,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE NEW PEANUT FARM, INC., et al.,<br><br>    Defendants. | Case No. 3:05-cv-301 TMB<br><br><br>O R D E R |

    This matter originated in Superior Court, Third Judicial District, State of Alaska, on March 16, 2005. On December 30, 2005, the defendants Municipality of Anchorage, Zoning Board of Examiners and Appeals, Department Community Planning and Development, and Municipal Building Official (collectively referred to herein as "the Municipality") noticed the removal of this action to the United States District Court. Docket 1. Removal was requested under 28 U.S.C. § 1331, since the *Fifth Amended Complaint* alleged violations of the U.S. Constitution and 42 U.S.C. § 1983. Id. On January 3, 2006, Judge Sedwick ordered that "any motions and related documents which were filed in State court and undecided at the time this case was removed to federal court, must be renewed and refiled in [this] case." Docket 4.

    The only motion which has been so filed is a Motion to Dismiss Plaintiffs' Second Amended Complaint, filed by the Municipality. Docket 6. In its motion, the Municipality explains:

> Plaintiffs filed their original Complaint on March 16, 2005, their amended Complaint on March 22, 2005, and their second amended complaint on April 6, 2005. The Municipality answered the second amended complaint on April 26, 2005. Plaintiffs then filed a notice of filing fourth amended complaint on April 28, 2005 - the fourth amended complaint was mis-captioned because it was actually Plaintiff's third-amended complaint. Because the Municipality had filed its answer before Plaintiffs' fourth amended complaint, Alaska civil rules require leave of court or written consent of the adverse parties to file an amended complaint. *See* Ak. Civ. R. 15. Neither was obtained. Consequently, the current complaint before the court is the second amended complaint.

Docket 6 at fn. 1.  Defendant Peanut Farm has, however, filed an Answer to the Fourth Amended Complaint.  Docket 3, No. 36.  Removal was requested based on the Fifth Amended Complaint.

Plaintiff's Motion for Leave to File Fifth Amended Complaint was not decided by the State court.  Docket 3, No. 62.  Accordingly, it appears that this matter may have been prematurely removed to Federal Court.  If the parties wish to stipulate to the filing of the Fifth Amended Complaint, Defendant's Motion to Dismiss the Second Amended Complaint is moot.  Furthermore, with respect to the Motion to Dismiss Second Amended Complaint currently before the Court, the Plaintiffs have not filed a responsive pleading.  However, Plaintiffs did oppose the same Motion to Dismiss when it was before the State court.  Docket 3, No. 55.

In order to resolve the foregoing discrepancies and move this case forward, a status conference has been set before this Court on **Thursday, March 30, 2006, at 2:00 p.m.**

Dated at Anchorage, Alaska, this 17th day of March, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge