Joshua M. Freeman
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545

Attorney for Defendant
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, INC., Assignee for Pinettes, Inc., and TERRY STAHLMAN, and JIM GOARD, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| THE NEW PEANUT FARM, INC, MUNICIPALITY OF ANCHORAGE, | ) ) ) |
| Defendants. | ) ) ) |

U.S. District Court Case No. A05-301 CV (TMB)

## ANSWER AND DEFENSES TO FIFTH AMENDED COMPLAINT

The Municipality of Anchorage files this answer to Plaintiffs' fifth amended complaint ("complaint") and asserts defenses as follows:

## ANSWER

1.   The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of Plaintiffs' complaint, and therefore denies the allegations.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 1 of 17

2.	The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of Plaintiffs' complaint, and therefore denies the allegations.

3.	The Municipality admits Pinettes, Inc. was voluntarily dissolved as of June 14, 2004.  As to the rest of paragraph 3, the Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Pinettes was dissolved due to corporate error and whether it re-incorporated on September 22, 2005, and therefore denies the allegations.

4.	The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of Plaintiffs' complaint, and therefore denies the allegations.

5.	The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of Plaintiffs' complaint, and therefore denies the allegations.

6.	The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of Plaintiffs' complaint, and therefore denies the allegations.

7.	The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of Plaintiffs' complaint, and therefore denies the allegations.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 2 of 17

8. The allegations in paragraph 8 of Plaintiffs' complaint do not apply to the Municipality, but only against the Defendant, The New Peanut Farm, Inc. Therefore, no response is required. To the extent a response is required the Municipality denies the allegations.

9. The Municipality admits that it is a home rule municipal corporation. As to the rest of paragraph 9, it calls for a legal conclusion and no response is required. To the extent paragraph 9 does not call for a legal conclusion the Municipality denies the allegations.

10. Paragraph 10 calls for a legal conclusion and no response is required. To the extent paragraph 10 does not call for a legal conclusion the Municipality denies the allegations.

11. Paragraph 11 calls for a legal conclusion and no response is required. To the extent paragraph 11 does not call for a legal conclusion the Municipality denies the allegations.

12. Paragraph 12 calls for a legal conclusion and no response is required. To the extent paragraph 12 does not call for a legal conclusion the Municipality denies the allegations.

13. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of Plaintiffs' complaint, and therefore denies the allegations.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 3 of 17

14. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of Plaintiffs' complaint, and therefore denies the allegations.

15. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of Plaintiffs' complaint, and therefore denies the allegations.

16. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of Plaintiffs' complaint, and therefore denies the allegations.

17. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of Plaintiffs' complaint, and therefore denies the allegations.

18. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 of Plaintiffs' complaint, and therefore denies the allegations.

19. The Municipality admits the Zoning Board of Examiners and Appeals (ZBEA) had a regular meeting on February 12, 2004. The Municipality admits the minutes of the regular meeting reflect the following: "The Petitioners are asking for permission to walk away from a $1 million offer from the Showboat operator to purchase the building, to spend $3 million to renovate the Showboat, to pay more property taxes, to

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 4 of 17

reduce the overall encroachment on the stream by over 200 square feet, and come more into compliance with the code." The Municipality denies the rest of the allegations made in paragraph 19.

20.   The Municipality admits the ZBEA denied Variance #4 at the February 12, 2004 meeting. The Municipality admits the ZBEA postponed Variance #3 to the April 8, 2004 ZBEA meeting in order to give the petitioner the option of discussing the necessity of a variance with Building Safety. The Municipality denies the rest of the allegations made in paragraph 20.

21.   The Municipality denies the allegations made in paragraph 21.

22.   The Municipality denies the allegations made in paragraph 22.

23.   The Municipality denies the allegations made in paragraph 23.

24.   The Municipality denies the allegations made in paragraph 24.

25.   The Municipality denies the allegations made in paragraph 25.

26.   The Municipality denies the allegations made in paragraph 26.

27.   The Municipality denies the allegations made in paragraph 27.

28.   The Municipality denies the allegations made in paragraph 28.

29.   Paragraph 29 calls for a legal conclusion and no response is required. To the extent paragraph 29 does not call for a legal conclusion the Municipality denies the allegations.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 5 of 17

30. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 of Plaintiffs' complaint, and therefore denies the allegations.

31. The Municipality denies the allegations made in paragraph 31.

32. The Municipality admits the ZBEA postponed Variance #3 to the April 8, 2004 ZBEA meeting. The Municipality denies the rest of the allegations made in paragraph 32.

33. The Municipality denies the allegations made in paragraph 33.

34. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 of Plaintiffs' complaint, and therefore denies the allegations.

35. The Municipality admits Variance #3 did not appear on the agenda of the April 8, 2004 ZBEA meeting. The Municipality denies the rest of the allegations made in paragraph 35.

36. The allegations in paragraph 36 of Plaintiffs' complaint do not apply to the Municipality, but only against the Defendant, The New Peanut Farm, Inc. Therefore, no response is required. To the extent a response is required the Municipality denies the allegations.

37. The Municipality admits that it appears Timothy C. Potter, of Dowl Engineers, in a letter dated April 15, 2004 requested a formal determination that the

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 6 of 17

Peanut Farm deck was an erosion control measure in keeping and in conformance with municipal code. The Municipality denies the rest of the allegations made in paragraph 37.

38. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38 of Plaintiffs' complaint, and therefore denies the allegations.

39. The Municipality admits that it appears Donald Alspach, Acting Director of Community Planning and Development signed the letter referenced in paragraph 37 on April 15, 2004. The Municipality admits that it appears the letter referenced in paragraph 37 was not notarized. The Municipality denies the rest of the allegations made in paragraph 39.

40. The Municipality admits that it appears Ron Thompson, Municipal Building Official signed the letter referenced in paragraph 37 on April 27, 2004. The Municipality admits that it appears the letter referenced in paragraph 37 was not notarized. The Municipality denies the rest of the allegations made in paragraph 40.

41. The Municipality admits the letter referenced in paragraph 37 was recorded. As to the rest of paragraph 41, it calls for a legal conclusion and no response is required. To the extent paragraph 41 does not call for a legal conclusion the Municipality denies the allegations.

42. The Municipality denies the allegations made in paragraph 42.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 7 of 17

43. The Municipality denies the allegations made in paragraph 43.

44. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of Plaintiffs' complaint, and therefore denies the allegations.

45. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of Plaintiffs' complaint, and therefore denies the allegations.

46. The Municipality denies the allegations made in paragraph 46.

47. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 of Plaintiffs' complaint, and therefore denies the allegations.

48. The Municipality admits it received an undated letter requesting the Peanut Farm remove its deck and start from scratch, that the Peanut Farm be fined, and that notice be given of any future hearings on the matter. As to the rest of paragraph 48, the Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 of Plaintiffs' complaint, and therefore denies the allegations.

49. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 of Plaintiffs' complaint, and therefore denies the allegations.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 8 of 17

50. Paragraph 50 calls for a legal conclusion and no response is required. To the extent paragraph 50 does not call for a legal conclusion the Municipality denies the allegations.

51. The Municipality denies the allegations made in paragraph 51.

52. The Municipality denies the allegations made in paragraph 52.

53. The Municipality denies the allegations made in paragraph 53.

## FIRST CAUSE OF ACTION

54. In response to paragraph 54 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-53 of Plaintiffs' complaint.

55. The Municipality denies the allegations made in paragraph 55.

56. Paragraph 56 calls for a legal conclusion and no response is required. To the extent paragraph 56 does not call for a legal conclusion the Municipality denies the allegations.

57. Paragraph 57 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

58. Paragraph 58 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

## SECOND CAUSE OF ACTION

59. In response to paragraph 59 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-58 of Plaintiffs' complaint.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 9 of 17

60. The Municipality denies the allegations made in paragraph 60.

61. The Municipality denies the allegations made in paragraph 61.

62. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 62 of Plaintiffs' complaint, and therefore denies the allegations.

63. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63 of Plaintiffs' complaint, and therefore denies the allegations.

64. Paragraph 64 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

65. Paragraph 65 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

## **THIRD CAUSE OF ACTION**

66. In response to paragraph 66 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-65 of Plaintiffs' complaint.

67. The Municipality denies the allegations made in paragraph 67.

68. The Municipality denies the allegations made in paragraph 68.

69. Paragraph 69 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 10 of 17

70. Paragraph 70 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

## FOURTH CAUSE OF ACTION

71. In response to paragraph 71 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-70 of Plaintiffs' complaint.

72. Paragraph 72 calls for a legal conclusion and no response is required. To the extent paragraph 72 does not call for a legal conclusion the Municipality denies the allegations.

73. The Municipality denies the allegations made in paragraph 73.

74. Paragraph 74 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

## FIFTH CAUSE OF ACTION

75. In response to paragraph 75 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-74 of Plaintiffs' complaint.

76. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 76 of Plaintiffs' complaint, and therefore denies the allegations.

77. The Municipality denies the allegations made in paragraph 77.

78. Paragraph 78 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 11 of 17

**SIXTH CAUSE OF ACTION**

79. In response to paragraph 79 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-78 of Plaintiffs' complaint.

80. Paragraph 80 calls for a legal conclusion and no response is required. To the extent paragraph 80 does not call for a legal conclusion the Municipality denies the allegations.

81. Paragraph 81 calls for a legal conclusion and no response is required. To the extent paragraph 81 does not call for a legal conclusion the Municipality denies the allegations.

82. Paragraph 82 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

**SEVENTH CAUSE OF ACTION**

83. In response to paragraph 83 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-82 of Plaintiffs' complaint.

84. The Municipality denies the allegations made in paragraph 84.

85. Paragraph 85 calls for a legal conclusion and no response is required. To the extent paragraph 85 does not call for a legal conclusion the Municipality denies the allegations.

86. Paragraph 86 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 12 of 17

87. Paragraph 87 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

## EIGHTH CAUSE OF ACTION

88. In response to paragraph 88 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-87 of Plaintiffs' complaint.

89. The Municipality denies the allegations made in paragraph 89.

90. Paragraph 90 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

## NINTH CAUSE OF ACTION

91. In response to paragraph 91 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-90 of Plaintiffs' complaint.

92. Paragraph 92 calls for a legal conclusion and no response is required. To the extent paragraph 92 does not call for a legal conclusion the Municipality denies the allegations.

93. Paragraph 93 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

## TENTH CAUSE OF ACTION

94. In response to paragraph 94 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-93 of Plaintiffs' complaint.

95. The Municipality denies the allegations made in paragraph 95.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 13 of 17

## CAUSES OF ACTION ELEVEN THROUGH THIRTEEN

The allegations in paragraphs 96–110 of Plaintiffs' complaint do not apply to the Municipality, but only against the Defendant, The New Peanut Farm, Inc. Therefore, no response is required. To the extent a response is required the Municipality denies the allegations.

## FOURTEENTH CAUSE OF ACTION

111. In response to paragraph 111 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-110 of Plaintiffs' complaint.

112. Paragraph 112 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

## FIFTEENTH CAUSE OF ACTION

113. In response to paragraph 113 of Plaintiffs' complaint, the Municipality incorporates its answers to paragraphs 1-112 of Plaintiffs' complaint.

114. Paragraph 114 is a prayer for relief and no response is required. To the extent a response is required the Municipality denies the allegations.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs' complaint fails to state claims on which relief may be granted.

2. Plaintiffs have failed to and neglected to timely pursue and exhaust their administrative remedies.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 14 of 17

3. Plaintiffs' alleged action against the Municipality concerns administrative agency actions subject to appeal and not the filing of a complaint.

4. Plaintiffs failed to properly avail themselves of available remedies.

5. Plaintiffs' damages, if any, were the result of conditions over which the Municipality had no control.

6. Plaintiffs' damages, if any, were caused by Plaintiffs' own negligence, or by the negligence or culpable conduct of others, whether parties to the lawsuit or not.

7. Plaintiff, Terry Stahlman, does not have standing to bring this lawsuit individually.

8. Plaintiff, Jim Goard, does not have standing to bring this lawsuit individually.

9. Plaintiff, Jim Goard, was not a shareholder of Pinettes, Inc., and therefore has no interest in this case.

10. Pinettes, Inc., is not a proper party since its claims have allegedly been assigned to The Stahlman Family Foundation, Inc.

11. Plaintiff, Pinettes, Inc. is not a proper party since it may not commence a court action pursuant to AS 10.06.678.

12. Plaintiff, The Stahlman Family Foundation, Inc., is not a proper party because it has not demonstrated proof of proper assignment of Pinettes, Inc.'s claims to The Stahlman Family Foundation, Inc.

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 15 of 17

13. Plaintiff, The Stahlman Family Foundation, Inc. is not a proper party because Pinettes, Inc., which dissolved June 14, 2004, could not legally assign its claims to The Stahlman Family Foundation, Inc., on February 8, 2005.

14. Punitive damages may not be assessed against the Municipality.

15. Plaintiffs have failed to plead allegations of fraud with particularity.

16. Defendants have not violated provisions of the Open Meeting Act under state or local law or participated in any ex parte contact prohibited by state or local law.

17. Plaintiffs have failed to mitigate damages, if any.

18. Plaintiffs have failed to sufficiently allege the existence of a contract on which relief here sought could be granted. Any alleged agreement between Plaintiffs and The New Peanut Farm, Inc., fails for lack of consideration, lack of reliance, and is unenforceable by reason of the Statute of Frauds and the parole evidence rule.

19. The Municipality is immune to damages pursuant to AS 09.65.070.

20. The Municipality's actions were privileged.

The Municipality reserves the right to assert additional affirmative defenses based upon future discovery.

DATED April 12, 2006.

FREDERICK H. BONESS
Municipal Attorney

By: s/ Joshua M. Freeman
Assistant Municipal Attorney

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 16 of 17

P.O. Box 196650
Anchorage, AK  99519-6650
(907) 343-4545
(907) 343-4550 – fax
uslit@muni.org
Alaska Bar No. 0305015

The undersigned hereby certifies that on April 12, 2006 a true and correct copy of the Municipality's Answer to 5th Amended Complaint
was served on:

- Peter C. Gamache
- Mary L. Pate

Dan K. Coffey
Law Office of Dan K. Coffey
207 E. Northern Lights Boulevard
Suite 200
Anchorage, AK  99503

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing

s/ Joshua M. Freeman
Municipal Attorneys Office

Stahlman et al., v. New Peanut Farm et al.
A05-301 CV (TMB)
Municipality's Answer to Fifth Amended Complaint
Page 17 of 17