# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

THE STAHLMAN FAMILY FOUDATION, Inc.,   )
Assignee for Pinettes, Inc., and        )
TERRY STAHLMAN, and JIM GOARD,         )
Individually                                  )
                                       )
        Plaintiffs,            )
                                       )
   vs.                              )
                                       )
THE NEW PEANUT FARM, INC., DOWL, LLC,  )
NANA DEVELOPMENT, INC., MUNICIPALITY  )
OF ANCHORAGE, ZONING BOARD OF        )
EXAMINERS AND APPEALS, DEPARTMENT    )
COMMUNITY PLANNING AND            )
DEVELOPMENT, A MUNICIPAL BUILDING    )
OFFICIAL, Jack Lewis, Tim Potter,    )
Ron Thompson, and Donald Alspach,    )
Individually                              )
                                       )
        Defendants,           )
_____ )**CASE NO.A05-0301CV (JWS)**

## DEFENDANTS JACK LEWIS AND THE NEW PEANUT FARM'S ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT

COMES NOW the undersigned, the Law Offices of Ernouf & Coffey, PC to file this answer to Plaintiffs' complaint.

### ANSWER

1. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of Plaintiffs' complaint, and therefore denies the allegations.

2. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of Plaintiffs' complaint, and therefore denies the allegations.

3. Admit Pinnettes, Inc. was dissolved as of June 14, 2004. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 3 of Plaintiffs' complaint, and therefore denies the allegations.

4. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of Plaintiffs' complaint, and therefore denies the allegations.

5. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of Plaintiffs' complaint, and therefore denies the allegations.

6. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of Plaintiffs' complaint, and therefore denies the allegations.

7. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of Plaintiffs' complaint, and therefore denies the allegations.

8. The New Peanut Farm admits they are an Alaska Company with the Entity number 4015D, doing business in Anchorage. As to the rest of paragraph 8, it calls for a legal conclusion and no response is required. To the extent paragraph 8 does not call for a legal conclusion the New Peanut Farm denies the allegations.

9. The allegations in paragraph 9 of Plaintiffs' complaint do not apply to the New Peanut Farm, but only against the Defendant Municipality of Anchorage. Therefore, no response is required. To the extent a response is required the New Peanut Farm denies the allegations.

10. The allegations in paragraph 10 of Plaintiffs' complaint do not apply to the New Peanut Farm, but only against the Defendant, the Municipality of Anchorage. Therefore no response is required. To the extent a response is required the New Peanut Farm denies the allegations.

11. The allegations in paragraph 11 of Plaintiffs' complaint do not apply to the New Peanut Farm, but only against the Defendant Municipality of Anchorage. Therefore no response is required. To the extent a response is required the New Peanut Farm denies the allegations.

12. The allegations in paragraph 12 of Plaintiffs' complaint do not apply to the New Peanut Farm, but only against the Defendant Municipality of Anchorage Building Official.

Therefore no response is required. To the extent a response is required the New Peanut Farm denies the allegations.

13. The New Peanut Farm admits Pinettes, Inc. leased a building for over 10 years. The New Peanut Farm denies the remainder of the allegations within paragraph 13.

14. The New Peanut Farm admits that it spoke with Pinettes, Inc. about a possible renewal of Pinettes, Inc.'s lease which at the time was expired. As to the rest of paragraph 14, the New Peanut Farm denies all allegations.

15. Deny.

16. Admit.

17. Deny.

18. The allegations in paragraph 18 of Plaintiffs' complaint do not apply to the New Peanut Farm, but only against the Defendant Municipality of Anchorage. Therefore no response is required. To the extent a response is required the New Peanut Farm denies the allegations.

19. To the extent that this allegation is ambiguous, it is denied. (It is unclear whether it is alleged that the agent of the New Peanut Farm asked Pinettes, Inc. to walk away from negations, or whether it is alleged that the agent of the New Peanut Farm asked members of the Zoning Board for permission for it to walk away from negotiations with Pinettes, Inc.) To the extend that the allegations are not ambiguous they are denied.

Stahlman et al.v. The New Peanut Farm et al.
Answer to Fifth Amended Complaint
A05-0301CV (JWS)

20. Deny.

21. Deny. The New Peanut Farm is unaware of any hearing on 2-12-94.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. The allegations in paragraph 26 of Plaintiffs' complaint do not apply to the New Peanut Farm, but only against the Defendant Municipality of Anchorage. Therefore no response is required. To the extent a response is required the New Peanut Farm denies the allegations.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny that that any informal conference occurred. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 34 of Plaintiffs' complaint, and therefore denies the allegations.

35. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35 of Plaintiffs' complaint, and therefore denies the allegations.

36. Deny.

37. Deny.

38. Deny.

39. The allegations in paragraph 39 of Plaintiffs' complaint do not apply to the New Peanut Farm, but only against the Defendant Department of Community Planning and Development. Therefore no response is required. To the extent a response is required the New Peanut Farm denies the allegations.

40. The allegations in paragraph 40 of Plaintiffs' complaint do not apply to the New Peanut Farm, but only against the Defendant Municipality of Anchorage Building Official. Therefore no response is required. To the extent a response is required the New Peanut Farm denies the allegations.

41. Admit that a letter exists but as to the rest of paragraph 41 it refers to a legal conclusion and no response is required. To the extent that paragraph 41 does not call for a legal conclusion, the New Peanut Farm denies the rest of the allegations.

42. Deny.

43. Deny.

Stahlman et al.v. The New Peanut Farm et al.
Answer to Fifth Amended Complaint
A05-0301CV (JWS)

44. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of Plaintiffs' complaint, and therefore denies the allegations.

45. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of Plaintiffs' complaint, and therefore denies the allegations.

46. Deny.

47. Paragraph 47 calls for a legal conclusion and no response is required. To the extent paragraph 47 does not call for a legal conclusion the New Peanut Farm denies the allegations.

48. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 of Plaintiffs' complaint, and therefore denies the allegations.

49. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 of Plaintiffs' complaint, and therefore denies the allegations.

50. Deny.

51. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of paragraph 51 of Plaintiffs' complaint, and therefore denies the allegations.

52. The New Peanut Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52 of Plaintiffs' complaint, and therefore denies the allegations.

53. The allegations in paragraph 53 of Plaintiffs' complaint do not apply to the New Peanut Farm, but only against the Defendant Municipality of Anchorage. Therefore no response is required. To the extent a response is required the New Peanut Farm denies the allegations.


## CAUSES OF ACTION I–X

The allegations in paragraphs 54 through 95 of Plaintiffs' Complaint do not apply to the New Peanut Farm, but only against the Municipality of Anchorage. Therefore, no response is required. To the extent a response is required, The New Peanut Farm denies the allegations.


## CAUSES OF ACTION XI–XIII AGAINST THE NEW PEANUT FARM DEFENDANTS

ELEVENTH CAUSE OF ACTION

(Breach of Lease Agreement)

96. No response required.

97. Admit.

98. Deny.

Stahlman et al.v. The New Peanut Farm et al.
Answer to Fifth Amended Complaint
A05-0301CV (JWS)

99. Deny.

100. Paragraph 100 calls for a legal conclusion and no response is required. To the extent paragraph 100 does not call for a legal conclusion the New Peanut Farm denies the allegations.

TWELFTH CAUSE OF ACTION

(Breach of Constructive Contract)

101. No response required.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

106. Paragraph 106 calls for a legal conclusion and no response is required. To the extent paragraph 106 does not call for a legal conclusion the New Peanut Farm denies the allegations.

THIRTEENTH CAUSE OF ACTION

(Breach of Good Faith and Fair Dealing)

107. No response required.

108. Deny.

109. Paragraph 109 calls for a legal conclusion and no response is required. To the extent paragraph 109 does not call for a legal conclusion the New Peanut Farm denies the allegations.

110. Paragraph 110 calls for a legal conclusion and no response is required. To the extent paragraph 110 does not call for a legal conclusion the New Peanut Farm denies the allegations.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FOURTEENTH CAUSE OF ACTION

(Infliction of Emotional Distress on Terry Stahlman)

111. No response required.

112. Paragraph 112 calls for a legal conclusion and a prayer for relief and as such no response is required. To the extent paragraph 112 does not call for a legal conclusion the New Peanut Farm denies the allegations.

### FIFTEENTH CAUSE OF ACTION

(Infliction of Emotional Distress on Jim Goard)

113. No response required.

114. Paragraph 114 calls for a legal conclusion and a prayer for relief and as such no response is required. To the extent paragraph 114 does not call for a legal conclusion the New Peanut Farm denies the allegations.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs fail to state a claim for which relief can be granted.

2. Plaintiffs Stahlman and Goard have inadequate standing to bring this suit as individuals.

3. Plaintiff Jim Goard was never a shareholder of Pinnettes, Inc. and therefore has no interest in this matter.

4. Plaintiff Pinnettes, Inc. has by its own admission assigned it claims to the Stahlman Family Foundation, Inc. and therefore has no interest in this litigation.

5. Plaintiff Pinnettes, Inc. cannot bring this action consistent with AS 10.06.678 as it was a dissolved entity.

6. Plaintiff Stahlman Family Foundation is not a proper party to this litigation, as they have not demonstrated a legal and proper assignment of Pinnettes, Inc.'s claims.

7. Plaintiff Stahlman Family Foundation is not a proper party to this matter because Pinnettes Inc. dissolved prior to its purported assignment.

8. Plaintiffs have failed to sufficiently allege the existence of a contract. Any alleged agreement fails for lack of consideration, lack of reliance, and is unenforceable under the Statute of Frauds, and the Parol Evidence Rule.


DATED at Anchorage, Alaska this 13th day of April 2006.


The Law Offices of Ernouf & Coffey, PC


_____

W. Sherman Ernouf
Alaska Bar No. 9806026


I hereby certify that I caused to be mailed a
true and correct copy of this foregoing document
to Peter Gamache, Municipality of Anchorage, and
Jonathan Iverson on April 13th, 2006.

Stahlman et al.v. The New Peanut Farm et al.
Answer to Fifth Amended Complaint
A05-0301CV (JWS)