Joshua M. Freeman
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545

Attorney for Defendant
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, INC., Assignee for Pinettes, Inc., and TERRY STAHLMAN, and JIM GOARD, Individually,<br><br>       Plaintiffs,<br><br>vs.<br><br>THE NEW PEANUT FARM, INC., et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

U.S. District Court Case No. A05-301 CV (TMB)

## MOTION TO DISMISS FIFTH AMENDED COMPLAINT

After removal of the instant case to this court, Municipality of Anchorage (Municipality) filed a renewed motion to dismiss the instant matter on January 12, 2006. The renewed motion to dismiss addressed Plaintiffs' second amended complaint filed in Alaska state court.

On March 30, 2006 this court held a status conference. At the status conference parties stipulated to the fifth amended complaint filed by Plaintiffs. The court then dismissed the Municipality's renewed motion to dismiss filed on January 12, 2006 without prejudice and with leave to renew.

The instant motion to dismiss is the renewal of the Municipality's motion to dismiss as permitted by the court in its March 30, 2006 order. The instant motion requests the court dismiss Plaintiffs' fifth amended complaint (complaint). Plaintiffs have failed to state claims upon which relief can be granted.

## LEGAL STANDARD

Civil rule 12(b)(6) allows dismissal for failure to state claims upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For purposes of this motion, the Municipality does not dispute the facts asserted by the Plaintiffs to support their claims. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002) ("On a motion to dismiss, the reviewing court must accept plaintiff's allegations as true and construe them in the light most favorable to the plaintiff." (citation omitted)). However, even without dispute, Plaintiffs' "'facts in support of his claim… [do not] entitle him to relief.'" *Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, (1957).

## STATE LAW PROHIBITS THE COMMENCEMENT OF LEGAL ACTION BY A DISSOLVED CORPORATION

Current state law prohibits dissolved corporations from commencing legal actions. *See* AS 10.06.678 ("A corporation that is dissolved voluntarily or involuntarily may not commence a court action."). The facts alleged by Plaintiffs in their fifth amended complaint attempt to avoid the consequences of this rule.

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 2 of 14

According to Plaintiffs, Pinettes, Inc., (Pinettes) was an Alaska company doing business as the Showboat. *See* Pls' Fifth Am. Compl. at 2. Pinettes was voluntarily dissolved on June 14, 2004. *See id.* Plaintiffs allege that dissolution was in error and during dissolution Pinettes continued to own assets, pay taxes, generate income and do business. *See id.* On February 8, 2005 Pinettes assigned its rights to recover claims to The Stahlman Family Foundation, Inc., (Stahlman Family). *See id.* Plaintiffs also allege Pinettes re-incorporated on September 22, 2005. *See id.*

Even if Plaintiffs facts as alleged are true, they do not prevent Plaintiffs from avoiding the consequences of state law which prohibits action by a corporation after it is dissolved.

Under common law, after dissolution a corporation could not sue or be sued. *See Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1185 (7th Cir. 1980) ("Under the common law a corporation's capacity to sue or be sued terminated when the corporation was legally dissolved.") (citation omitted)); *Penasquitos, Inc. v. Superior Court*, 812 P.2d 154, 156 (Cal. 1991) (noting that California no longer follows common law rules regarding dissolution of corporation).

A number of states through legislation have abandoned the common law rule in favor of post-dissolution survival of the corporation. *See* California Corporations Code § 2010; 8 Delaware Code § 278; New York Business Corporation Law § 1006; Arizona Revised Statutes § 10-1405. These survival statutes provide for the corporation's continued existence in order to prosecute and defend actions in court.

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 3 of 14

Prior Alaska state law also permitted actions by dissolved corporations: "The dissolution of a corporation… does not take away or impair the remedy available to or against the corporation… for a right or claim existing… prior to dissolution if an action is commenced within two years after the date of dissolution." AS 10.05.594 (repealed by § 6 ch 166 SLA 1988).

However, current Alaska law is not so expansive. It only allows survival of the corporation after dissolution for, *inter alia*, the purpose of <u>defending</u> actions against it. That Alaska's statute is more narrowly drawn is demonstrated by its legislative history. The original bill before the legislature reflected the prior AS 10.05.594 and permitted a dissolved corporation to prosecute actions:

> (a) A corporation that is dissolved voluntarily or involuntarily continues to exist for the purpose of winding up its affairs, <u>prosecuting</u> and defending actions by or against it, and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets. A dissolved corporation does not continue to exist for the purpose of continuing business except so far as necessary for winding up the business.
>
> (b) An action or proceeding to which a corporation is a party does not abate by the dissolution of the corporation or by reason of proceedings for winding up and dissolution of the corporation.
>
> (c) Assets inadvertently or otherwise omitted from the winding up continue as assets of the dissolved corporation for the benefit of persons entitled to the assets upon dissolution of the corporation and on realization the assets shall be distributed to the persons entitled.
>
> (d) The directors of the corporation on the date of its dissolution or as determined under AS 10.06.663 shall exercise and enjoy the powers necessary to act under the terms of this section.

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 4 of 14

HB 322, 15th Leg., 1st Sess., Sec. 10.06.678 (1987) (emphasis added).[1]

However, as signed into law the language permitting the prosecution of an action by a dissolved corporation was excluded:

> (a)  A corporation that is dissolved voluntarily or involuntarily continues to exist for the purpose of winding up its affairs, <u>defending actions against it</u>, and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets.  A dissolved corporation does not continue to exist for the purpose of continuing business except so far as necessary for winding up the business.
>
> (b)  An action or proceeding to which a corporation is a party does not abate by the dissolution of the corporation or by reason of proceedings for winding up and dissolution of the corporation. A corporation that is dissolved voluntarily or involuntarily may not commence a court action, except for a court action under AS 10.06.675.
>
> (c) Assets inadvertently or otherwise omitted from the winding up continue as assets of the dissolved corporation for the benefit of persons entitled to the assets upon dissolution of the corporation and on realization the assets shall be distributed to the persons entitled.
>
> (d)  The directors of the corporation on the date of its dissolution or as determined under AS 10.06.663 shall exercise and enjoy the powers necessary to act under the terms of this section.

HB 322, 15th Leg., 2d Sess., Sec. 10.06.678 (1988) (signed into law June 17, 1988) (emphasis added).  "While every word of a statute must be presumed to have been used for a purpose, it is also the case that every word <u>excluded</u> from a statute must be presumed to have been <u>excluded</u> for a purpose."  *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 46.06 (6th ed. 2000) (emphasis added), *cited in Ganz v. Alaska Airlines, Inc.*, 963 P.2d 1015, 1018 (Alaska 1998).  Here the obvious purpose of the

---

[1]  The text of bills and resolutions can be found at www.legis.state.ak.us.

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 5 of 14

legislature was to preclude the ability of a corporation from prosecuting an action after dissolution.

Moreover, if there was any doubt as to the intent of the legislature in its removal of the word "prosecuting" and thereby eliminating the legal mechanism by which a dissolved corporation could prosecute an action, the legislature also added a provision that specifically precluded the commencement of an action in court by a dissolved corporation:

> (a)   A corporation that is dissolved voluntarily or involuntarily continues to exist for the purpose of winding up its affairs, defending actions against it, and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets.  A dissolved corporation does not continue to exist for the purpose of continuing business except so far as necessary for winding up the business.
>
> (b)   An action or proceeding to which a corporation is a party does not abate by the dissolution of the corporation or by reason of proceedings for winding up and dissolution of the corporation. <u>A corporation that is dissolved voluntarily or involuntarily may not commence a court action</u>, except for a court action under AS 10.06.675.
>
> (c)  Assets inadvertently or otherwise omitted from the winding up continue as assets of the dissolved corporation for the benefit of persons entitled to the assets upon dissolution of the corporation and on realization the assets shall be distributed to the persons entitled.
>
> (d)  The directors of the corporation on the date of its dissolution or as determined under AS 10.06.663 shall exercise and enjoy the powers necessary to act under the terms of this section.

HB 322, 15th Leg., 2d Sess., Sec. 10.06.678 (1988) (signed into law June 17, 1988) (emphasis added).

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 6 of 14

In summary, the legislature made a policy decision to prohibit dissolved corporations from commencing legal action. The revised statute as signed into law provided for the corporation's survival <u>solely</u> for the purpose of, "winding up its affairs, <u>defending</u> actions against it, and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets." AS 10.06.678(a). The corporation "may <u>not</u> commence a court action…." AS 10.06.678(c) (emphasis added).[2] Whether Pinettes was mistakenly dissolved by its shareholders, the shareholders made a business decision to dissolve the corporation and are bound to the consequences of that decision. Pinettes voluntary dissolved on June 14, 2004. Plaintiffs filed the instant action on March 16, 2005. State law precludes legal action, based on any alleged injury to Pinettes, against the Municipality. Any claims based on alleged injury to Pinettes should be dismissed.

## PINETTES DOES NOT HAVE ANY CLAIMS TO ASSIGN

Plaintiffs claim that Pinettes assigned its right to recover claims to Stahlman Family on February 8, 2005. This post-dissolution assignment does not provide Stahlman Family with the right to commence an action against the Municipality.

In the case of assignments, the assignee stands in the same position as the assignor. *See Lount v. Mosher*, 115 F.2d 903 (9th Cir. 1940), *cited in U.S. v. Metropolitan Life Ins. Co.*, 683 F.2d 1250, 1251 (9th Cir. 1982). As noted by Judge

---

[2] This section does allow a court action for the limited purpose of recovering amounts improperly distributed. *See* AS 10.06.675. However, that is not the situation here.

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 7 of 14

Posner recently: "An assignor can assign only what he has, and so, as the cases say, the assignee stands in the shoes of the assignor." *In re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 956-57 (7th Cir. 2003)) (citations omitted)).

Pinettes was dissolved on June 14, 2004. According to state law, after this date Pinettes may not commence an action in court. If Pinettes, the assignor, may not commence an action, neither may Stahlman Family, the assignee, in the place of Pinettes since the assignee stands in the same position as the assignor. In other words, if Pinettes has no "right" to recover claims based on the commencement of an action in state court, neither does Stahlman Family. Any claims based on alleged injury to Pinettes and assigned to Stahlman Family should be dismissed.

## **TERRY STAHLMAN AND JIM GOARD ARE NOT PROPER PARTIES**

Terry Stahlman and Jim Goard, as owners of Pinettes, are also included as Plaintiffs in their individual capacity. *See* Pls' Fifth Am. Compl. at 2. However, they may not assert claims against the Municipality.

There are two types of actions available to a shareholder in a company, individual and derivative. The general rule under Alaska state law is that, "a shareholder has no individual cause of action for injuries to his corporation." *Hikita v. Nichiro Gyogyo Kaisha, Ltd.*, 713 P.2d 1197, 1199 (Alaska 1986). There is an exception for those cases where there is a breach of contract to which the shareholder is a party. *See id.* at 1200. However, the complaint filed by Plaintiffs does not allege that Stahlman or Goard were, individually, parties to a contract that was breached.

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 8 of 14

Stahlman and Goard do not have an individual claim based on the complaint as plead. The only contractual injury possibly suffered, based on the complaint, was to Pinettes. Any possible loss to Stahlman or Goard was strictly as shareholders invested in Pinettes, and even <u>if</u> the Municipality or any other defendant engaged in untoward conduct:

> "It is universal…[in the case of] forbidden practices…being done and carried on…it is that corporation alone, and not its stockholders (few or many), officers, directors, creditors or licensors, who has a right to recovery, even though in an economic sense real harm may well be sustained as the impact of such wrongful acts bring about reduced earnings, lower salaries, bonuses, injury to general business reputation, or diminution in the value of ownership."

*Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 603 (6th Cir. 1988) (citation omitted). Any claims made by Stahlman or Goard should be dismissed.

Plaintiffs' complaint also pleads tort claims against the Municipality. However, Stahlman and Goard may not maintain tort claims. The complaint as plead does not indicate a contract was entered by Pinettes and also Stahlman and Goard, individually. Under principals of corporate law: "To obtain a personal right of action, there must be relations between the individual and the tortfeasor independent of those which the shareholder derives through his interest in the corporate assets and business." *Schroeder v. Hudgins*, 690 P.2d 114, 117 (Ariz.App. 1984), *abrogation on other grounds by* 762 P.2d 1345 (Ariz.App. 1988), *cited in* 12B Fletcher, *Cyclopedia of the Law of Private Corporations* § 5914 (2004). Stahlman and Goard have plead no relations outside of

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 9 of 14

Pinettes. Consequently, as plead, any injuries are all injuries to the dissolved corporation, Pinettes.

## FRAUDULENT CONDUCT IS NOT PLEAD WITH PARTICULARITY

Plaintiffs allege fraudulent conduct on the part of the Municipality. *See* Pls' Fifth Am. Compl. at 10. Federal civil rules require allegations of fraud to be plead with particularity. *See* Fed. R. Civ. P. 9(b). This is to ensure, "that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). The requisite particularity necessitates the pleading "state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Miscellaneous Service Workers, Drivers & Helpers, Teamsters Local No. 427 v. Philco-Ford Corp., WDL Division*, 661 F.2d 776, 782 (9th Cir. 1981).

Without facts to support their claim of fraud, Plaintiffs' claim is merely a conclusion of law without any substance to support it and it should be dismissed. *See Von Grabe v. Sprint PCS*, 312 F.Supp.2d 1285, 1305 (S.D.Cal. 2003) ("General pleading of the legal conclusion of fraud is insufficient. Courts have explained this rule to require that claims of fraud include the 'who, what, when, where, and how' of the alleged misconduct." (internal citations omitted)). Any claims made by Plaintiffs based on fraud should be dismissed

## PLAINTIFFS HAVE NOT ALLEGED

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 10 of 14

**THAT COMPETITION WAS RESTRAINED**

Plaintiffs contend that the Showboat was shut down by a conspiracy that restrained trade. *See* Pls' Fifth Am. Compl. at 13. Even if true, this is insufficient to survive a motion to dismiss. In order to have standing, Plaintiffs "must demonstrate that the defendant's conduct was intended to or did have some anticompetitive effect beyond… [their] own loss of business or the market's loss of a competitor." *Odom v. Fairbanks Memorial Hosp.*, 999 P.2d 123, 129 (Alaska 2000) (quotations omitted). Plaintiffs do not assert that the alleged conspiracy to close the Showboat had an anticompetitive effect beyond the loss of Plaintiffs' own business. As such, Plaintiffs do not have standing to make a claim based on restraint of trade.

**PLAINTIFFS' DO NOT HAVE STANDING
TO ALLEGE INVERSE CONDEMNATION**

A traditional "taking" by the government consisted in formally condemning a landowner's property for public use and obtaining the fee simple through eminent domain proceedings. *See U. S. v. Clarke*, 445 U.S. 253, 255 (1980) (describing a traditional "taking."). Plaintiffs' have not claimed a traditional taking through eminent domain proceedings.

Plaintiffs allege a claim of inverse condemnation based on six allegations: (1) Municipality's favorable treatment of Peanut Farm in its permit and variance applications; (2) Municipality's interference with Plaintiffs' prospective economic advantage; (3) Municipality's improper influence with AIDEA officials; (4)

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 11 of 14

Municipality's arbitrary and insidious animus toward Plaintiffs; (5) Municipality's arbitrary transfer to the Peanut Farm of Plaintiffs' adult license permit; and (6) Municipality's unreasonable and arbitrary obstruction of Plaintiffs' East Fifth Avenue establishment. *See* Pls' Fifth Am. Compl. at 14.

However, these allegations do not support an inverse condemnation claim. Plaintiffs had a lease with Peanut Farm to operate the Showboat. *See id.* at 3. Plaintiffs have not alleged that before expiration of the lease with Peanut Farm, government regulations completely or partially interfered with their use of the leased property. This is the only time Plaintiffs had a compensable interest.

After expiration of the lease, Plaintiffs no longer has standing to allege a regulatory taking since they no longer have an interest in the leased property – any property interest after expiration of the lease is now Peanut Farm's, and only Peanut Farm, as the owner of the property, has standing to allege inverse condemnation. *See Hansen v. U.S.*, 65 Fed.Cl. 76, 127 (Fed. Cl. 2005) ("Standing, an element of the case or controversy doctrine, is a party's right to seek redress for a legally protected right. The standing principle is related to a fundamental takings rule: '[i]t is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation.'" (citations omitted)); *Wessells v. State Dept. of Highways*, 562 P.2d 1042, 1045 (Alaska 1977) (noting that a lessee has a compensable interest in land it may be contracted away through terms of the lease).

Plaintiffs' claim for inverse condemnation should be dismissed.

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 12 of 14

## **CONCLUSION**

Pinettes voluntarily dissolved on June 14, 2004.  Under state law, after dissolution a corporation may not commence a court action.  Consequently, the assignment of rights to recover claims, whether constitutional, contractual, or in tort, from Pinettes to Stahlman Family on February 8, 2005 was futile, since Pinettes had no rights of recovery to assign.  Stahlman Family as assignee of Pinettes should be dismissed from this action.

Terry Stahlman and Jim Goard allege they were owners of Pinettes and are named individually in the instant action.  However, the complaint alleges no torts applicable to either of these individual shareholders which give rise to separate claims.  The only possible claim they could have would be pursuant to a shareholder action, either individually or derivatively.  However, neither is legally supportable.  Thus, Terry Stahlman's and Jim Goard's claims should be dismissed.

The Municipality requests the court dismiss the Plaintiffs' action against the Municipality in its entirety for failure to state a claim upon which relief can be granted.

DATED:  May 8, 2006.

                        s/ Joshua M. Freeman
                        Assistant Municipal Attorney
                        P.O. Box 196650
                        Anchorage, AK  99519-6650
                        (907) 343-4545
                        (907) 343-4550 – fax
                        uslit@muni.org
                        Alaska Bar No. 0305015

The undersigned hereby certifies that on May 5, 2006 a

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 13 of 14

true and correct copy of the Motion to Dismiss Fifth Amended Complaint was served on:

- William S. Ernouf
- Peter C. Gamache
- Mary L. Pate

Dan K. Coffey
Law Office of Dan K. Coffey
207 E. Northern Lights Boulevard
Suite 200
Anchorage, AK  99503


by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing

s/ Joshua M. Freeman
Municipal Attorneys Office

Stahlman, et al. v. The New Peanut Farm, et al.
U.S. District Court Case No. A05-301 CV (TMB)
Municipality's Motion to Dismiss Fifth Amended Complaint
Page 14 of 14