IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STAHLMAN FAMILY FOUDATION, Inc., Assignee for Pinettes, Inc., and TERRY STAHLMAN, and JIM GOARD, Individually | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| THE NEW PEANUT FARM, INC., et. al., | ) ) |
| Defendants, | ) ) |

U.S. District Court Case No. A05-301 CV (TMB)

**DEFENDANT THE NEW PEANUT FARM, INC.'s CROSS-MOTION IN SUPPORT OF THE MUNICIPALITY OF ANCHORAGE'S MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED COMPLAINT**

**INTRODUCTION**

The New Peanut Farm Inc. (TNPNFI) would like to join in Defendant Municipality of Anchorage's Motion to Dismiss Plaintiffs' Fifth Amended Complaint. Plaintiffs—a dissolved corporation and two of its former shareholders—lack standing to sue not only the Municipality of Anchorage, but also and for the exact same reasons, the TNPNFI. Furthermore, even if Plaintiffs were able to establish standing, their claims against TNPNFI would fail as a matter of law. This memorandum only briefly reviews why Plaintiffs' claims fail as Defendant TNPNFI will submit

1

a comprehensive motion for summary judgment on the contractual matters alleged herein should its cross motion for dismissal not be granted.

## LEGAL STANDARD

Plaintiffs' Fifth Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Unable to establish standing, Plaintiffs' complaint must be dismissed for failing to state a claim upon which relief can be granted.

## PLAINTIFFS LACK STANDING TO SUE EITHER AS A DISSOLVED CORPORATION OR AS INDIVIDUALS

Defendant TNPNFI joins Defendant Municipality of Anchorage's motion to dismiss Plaintiffs' Fifth Amended Complaint for lack of standing. For the sake of judicial efficiency, Defendant TNPNFI will only summarize the arguments made adeptly by Defendant Municipality of Anchorage in its motion to dismiss.

Plaintiffs assert and fail to establish standing in the following three regards:

### 1. Plaintiffs fail to establish standing as a corporation.

Pinettes is a dissolved corporation and as such has no right to sue. "[A] corporation that is dissolved voluntarily...may not commence a court action." AS 10.06.678(c). The legislative history and obvious purpose of the statute concerning litigation and dissolved corporations only allows a dissolved corporation to survive for purposes of defending, not prosecuting, litigation. Furthermore, as Pinettes has no right to sue, its post-dissolution assignment to the Stahlman Family Foundation did not give the Foundation any right to sue. "An assignor can assign only what he has." In Re Doctors Hosp. of Hyde Park, Inc. 337 F.3d, 951, 956-57 (7th Cir. 2003).

### 2. Plaintiffs fail to establish standing as individuals to a shareholder action.

There are two types of actions available to a shareholder of a company, individual and derivative. There are two exceptions to the general rule that a "shareholder has no individual cause of action for injuries to his corporation," but neither of these exceptions apply here. First of all, Stahlman and Goard have not alleged that they

suffered an injury separate and distinct from other shareholders. Secondly, there was no breach of contract to which the shareholders, as individuals, were parties. The Plaintiffs alleged only a "constructive contract" between the dissolved corporation and the Defendants, not between Stahlman, Goard and Defendants. <u>Hikita v. Nichiro Gyogo Kaisha, Ltd.</u>, 713 P.2d 1197, 1199 (Alaska 1986).

### 3. Plaintiffs fail to establish standing as individuals with a tort cause of action.

Plaintiffs Stahlman and Goard are also unable to establish individual causes of actions for their infliction of emotional distress claims. Neither Plaintiff has plead any relation to TNPNFI outside of Pinettes, nor have they plead that as individuals they entered into a "constructive contract" with TNPNFI. Under principles of corporate law: "to obtain a personal right of action, there must be relations between the individual and tortfeasor independent of those which the shareholder derives through his interest in the corporate assets and business." <u>Shroeder v. Hudgins</u>, 690 P.2d 1345 (Ariz. App. 1988), cited in 12B Fletcher, Cyclopedia of the Law of Private Corporations § 5914 (2004). It is clear that in the instant case, Plaintiffs

cannot maintain a private right of action against TNPFI in tort.

## OVERVIEW OF PLAINTIFFS' CLAIMS

As initially stated, even if the Plaintiffs were able to establish standing, their claims against TNPFI would still fail as a matter of law. A brief overview of the Plaintiffs' claims reveals that they are all without merit.

### 1. 11th Cause of Action: Breach of Lease Agreement

Plaintiffs allege that "by giving Pinettes Inc. only 72 hours to vacate the premises, the Peanut Farm violated various terms of the hold-over lease agreement." Plaintiffs' Fifth Amended Complaint Line 99. This claim fails because the Pinettes never had a hold-over agreement, (at the time Defendant gave them notice to vacate they were month-to-month tenants) and because Defendant gave Plaintiffs one-month, not 72 hours, notice. The original lease agreement between Plaintiffs and Defendant provided for an initial two-year term beginning in 1994 with options to extend for five additional one-year periods. Exhibit 1. When this agreement expired in April of 2001, the parties executed a second lease agreement for two one-year terms, followed by a third year of a month-to-month tenancy. Exhibit 2. The second agreement was set to expire on March

5

31st of 2004 and on March 1st of 2004 Defendant sent Plaintiffs a letter giving them one month's notice of Defendant's decision to not renew their lease. Exhibit 3. Defendants did not breach their lease agreement.

### 2. 12th Cause of Action: Breach of Constructive Contract

The claim by Plaintiffs for breach of a "constructive contract" based on alleged oral representations is barred by the Statute of Frauds. In Alaska, "an agreement for leasing for a longer period than one year" is not enforceable unless "some note or memorandum of it is in writing and subscribed by the party charged or by an agent of that party." AS 09.25.010.  Plaintiff Stahlman went as far as to admit that no long-term lease extension ever existed.  "I almost made a deal to run my club for 20 years."  Exhibit 4, *Letter by Plaintiff Stahlmann to the Municipality of Anchorage*.

Additionally, even if the Statute of Frauds did not apply the plaintiffs still fail to sufficiently allege the existence of a contract.  Any alleged agreement fails for lack of consideration and lack of reliance.

### 3. 13th Cause of Action: Breach of Covenant of Good Faith and Fair Dealing

Defendant TNPNFI's decision to not renew the Plaintiffs' lease did not violate their duty of good faith and fair dealing with regard to the Plaintiffs. In Alaska, every contract contains an "implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other party to receive the benefits of the agreement." This covenant is implied in every contract "in order to effectuate the reasonable expectations of the parties to the agreement." <u>McConnell v. Alaska Dept. Of Health and Soc. Servs. Div. Of Med. Ass...</u>, 991 P.2d 178, 184 (Alaska 1999). This implied covenant does not abridge a landlord's right to stop renewing a tenant's month-to-month lease when he no longer desires such an arrangement. Interpreting the covenant in such an expansive manner would render the one-month notice requirement for termination of a month-to-month lease meaningless. Therefore, as a matter of law, Defendant TNPNFI did not breach its duty of good faith and fair dealing when it terminated Plaintiffs' lease after providing the proper notice.

## CONCLUSION

Plaintiffs' complaint must be dismissed because Plaintiffs lack standing and therefore fail to state a complaint upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Furthermore, even if Plaintiffs were able to establish standing their claims would fail as a matter of law.

DATED at Anchorage, Alaska this 19th day of May 2006.

The Law Offices of Ernouf & Coffey, PC

_____

W. Sherman Ernouf
Alaska Bar No. 9806026

I hereby certify that I caused to be mailed a
true and correct copy of this foregoing document
to Peter Gamache and the Municipality of Anchorage
on May 19th, 2006.

_____
W. Sherman Ernouf

8