W. Sherman Ernouf
The Law Offices of Ernouf & Coffey, P.C.
207 E Northern Lights, Blvd., Suite 200
Anchorage, Alaska  99503
(907) 274-3385
(907) 274-4258 – fax
sernouf@eclawfirm.net
ABA# 9806026

Attorney for Defendant
The New Peanut Farm, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, INC., Assignee for Pinettes, Inc., and TERRY STAHLMAN, and JIM GOARD, Individually<br><br>         Plaintiffs,<br><br>     vs.<br><br>THE NEW PEANUT FARM, INC.<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

U.S. District Court Case No. A05-301 CV (TMB)

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO DISMISS CLAIMS AGAINST THE NEW PEANUT FARM, INC.</u>**

### <u>INTRODUCTION</u>

After five amended complaints, more than a dozen additional motions, and removal from State to Federal court, the New Peanut Farm, Inc. finds itself the last defendant standing out of nine originally named defendants.

1

This case, which at its onset appeared frivolous, has long past frivolity and become a travesty, wasting vast quantum's of judicial resources and client funds. Defendant the New Peanut Farm, Inc. (TNPNFI) alone has incurred $50,000 in legal expenses since the onset of the case fourteen months ago and today finds itself defending a case against Plaintiffs who not only lack standing, but also who allege oral contract claims on a transaction clearly subject to the Statute of Frauds.

In short, this case is without merit in every conceivable regard and Defendant implores the Court to grant Defendant's Motion for Summary Judgment.

## **LEGAL STANDARD**

To prevail on a Motion for Summary Judgment the moving party must show that that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c).

## **ELEVENTH CAUSE OF ACTION: BREACH OF LEASE AGREEMENT**

Plaintiffs' claim for breach of lease agreement fails as a matter of law because no lease agreement between the parties was breached. Plaintiffs allege that "by giving Pinettes Inc. only 72 hours to vacate the premises, the

2

Peanut Farm violated various terms of the hold-over lease agreement." *See Plaintiffs' Fifth Amended Complaint Line 99*. This claim fails because (1) Pinettes never had a hold-over lease agreement (at the time Defendant gave Pinettes notice they were month to month tenants) and (2) Defendant provided Plaintiffs with one month's written notice of their decision to terminate Plaintiffs' month to month tenancy.

The absence of any hold-over agreement is illustrated by the two lease agreements made between the Plaintiffs and Defendant. The original lease agreement between the parties provided for an initial two-year term beginning in 1994 with options to extend for five additional one-year periods. *Exhibit 1*. When this agreement expired in April of 2001 the parties executed a second lease agreement for two one-year terms, followed by a third year of a month to month tenancy. *Exhibit 2*.  The second agreement was set to expire on March 31st of 2004 and on March 1st of 2004 Defendant sent Plaintiffs a letter giving them one month's notice of Defendant's decision to terminate their tenancy. *Exhibit 3*. In light of this dispositive evidence of the parties' month to month tenancy and of the Defendant's one month notice to the Plaintiffs, Plaintiffs' claim of breach of lease agreement must fail as a matter of law.

**TWELFTH CAUSE OF ACTION: BREACH OF CONSTRUCTIVE CONTRACT**

In a letter written by Plaintiff Stahlman—agent of Pinettes—to a "Municipal Administrative Official," Stahlman states that he "almost" made "a deal" with Defendants to "run my club for 20 years." *Exhibit 4*. This statement illustrates not only that negotiations between the parties never actually culminated in "a deal," but also that by the very nature of the terms negotiated—a "lease for 20 years"—the contract could not have been made orally because it was subject to the Statute of Frauds.

The Alaska Statute of Frauds bars the enforcement of "an agreement for leasing for a period longer than one year" unless "some note or memorandum of it is in writing and subscribed by the party charged or by an agent of that party." AS 09.25.010. Here, the parties negotiated with regard to a lease that would have lasted over a year and therefore was subject to the Statute of Frauds. By failing to produce a written memorandum of a "constructive contract," or even to allege the existence of such a document, the Plaintiffs' claim for "breach of constructive contract" fails as a matter of law.

### THIRTEENTH CAUSE OF ACTION: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiffs' claim that Defendant's termination of Plaintiffs' month to month tenancy breached Defendant's duty of good faith and fair dealing fails as a matter of law. In Alaska, every contract contains an "implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other party to receive the benefits of the agreement." *McConnell v. Alaska Dept. Of Health and Soc. Servs. Div. Of Med. Ass...*, 991 P.2d 178, 184 (Alaska 1999). This covenant is implied "in order to effectuate the reasonable expectations of the parties to the agreement." *Id.* at 184.

Here, Plaintiffs allege that Defendants, by "facilitating the MOA, and its employees, agents, and officers, to arbitrarily, capriciously, and unlawfully favor the Peanut Farm at the expense of the Pinettes," breached their duty of good faith and fair dealing. However, when Defendants terminated Plaintiffs' month to month tenancy, they did so by giving Plaintiffs one month's written notice pursuant to AS 34.03.290. *Exhibit 3.* This statute provides both landlords and tenants with the right to terminate a month to month tenancy after giving proper notice.

Plaintiffs urge the court to construe the duty of good faith and fair dealing so expansively as to effectively abridge Defendant's right as a landlord to terminate a month to month tenancy by providing statutorily proper notice. As such an expansive reading would render the one month notice provision of the Alaska Statute meaningless, it must fail. Therefore, Plaintiffs' claim that TNPNFI breached its duty of good faith and fair dealing when it terminated Plaintiffs' month to month tenancy must also fail as a matter of law.

**FOURTEENTH AND FIFTEENTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

To plead a claim for intentional infliction of emotional distress (IIED), a plaintiff must allege four elements: (1) the conduct is extreme or outrageous; (2) the conduct is intentional or reckless; (3) the conduct causes emotional distress; and (4) the distress is severe. IIED claims require a trial court to make a threshold determination on whether the severity of the emotional distress and the conduct of the offending party warrant a claim. *McGrew v. State*, 106 P.3d 319, 323 (Alaska 2005).

Liability for intentional infliction of emotional distress should only be found where "conduct has been so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hawks v. State, Dept. of Public Safety*, 908 P.2d 1013, 1016 (Alaska 1995). Some examples of "serious emotional distress" include "neuroses, psychoses, chronic depression, phobia, and shock." *Fyffe v. Wright*, 93 P.3d 444, 455 (Alaska 2004). However, "temporary fright, disappointment or regret does not suffice under this standard." *Id.* at 455. Here, Plaintiffs have alleged emotional distress as a result of their "disappointment" over a foregone business deal and therefore their claim must fail as a matter of law.

Furthermore, as discussed in Defendant's Motion to Dismiss, Plaintiffs fail to establish standing with regard to their IIED claims. Neither Plaintiff has plead any relation to TNPNFI outside of Pinettes, nor has either plead that as individuals they entered into a "constructive contract" with TNPNFI. Under principles of corporate law: "to obtain a personal right of action, there must be relations between the individual and tortfeasor independent of those which the shareholder derives through his interest in the corporate assets and business." *Shroeder v. Hudgins*, 690 P.2d 1345 (Ariz. App. 1988), cited in *12B Fletcher,*

7

*Cyclopedia of the Law of Private Corporations* § 5914 (2004). Here Plaintiffs have plead no relations to TNPNFI independent of their relations as former shareholders of Pinettes. Therefore, Plaintiffs are unable to maintain personal rights of action against TNPFI in tort, much less prevail on such claims.

## CONCLUSION

Plaintiffs' Fifth Amended Complaint must be resolved as a matter of summary judgment pursuant to Rule 56 of the Federal Rules because no "genuine issue as to any material fact" remains in the case and TNPNFI is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c).

DATED at Anchorage this 26th day of May 2006.

> s/ W. Sherman Ernouf
> The Law Offices of Ernouf & Coffey, P.C.
> 207 E Northern Lights, Blvd., Suite 200
> Anchorage, Alaska  99503
> (907) 274-3385
> (907) 274-4258 – fax
> sernouf@eclawfirm.net
> ABA# 9806026

I hereby certify that on May 26, 2006,
a copy of the foregoing Memorandum
in Support of Motion for Summary
Judgment was served electronically on:

-Peter C. Gamache
-Mary L. Pate
-Joshua M. Freeman

s/ W. Sherman Ernouf
The Law Offices of Ernouf & Coffey, P.C.