W. Sherman Ernouf
The Law Offices of Ernouf & Coffey, P.C.
207 E Northern Lights, Blvd., Suite 200
Anchorage, Alaska  99503
(907) 274-3385
(907) 274-4258 – fax
sernouf@eclawfirm.net
ABA# 9806026

Attorney for Defendant
The New Peanut Farm, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, INC., Assignee for Pinettes, Inc., and TERRY STAHLMAN, and JIM GOARD, Individually<br><br>          Plaintiffs,<br><br>     vs.<br><br>THE NEW PEANUT FARM, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

U.S. District Court Case No. A05-301 CV (TMB)

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

After five amended complaints, more than a dozen additional motions, and removal from State to Federal court, the New Peanut Farm, Inc. finds itself the last defendant standing out of nine originally named defendants. This case, which at its onset appeared frivolous, has long

1

past frivolity and become a travesty, wasting vast quantum's of judicial resources and client funds. Defendant the New Peanut Farm Inc. (TNPNFI) alone has incurred $50,000 in legal expenses since the onset of the case fourteen months ago and today finds itself defending a case against Plaintiffs who not only lack standing, but also who allege oral contract claims on a transaction clearly subject to the Statute of Frauds.

In short, this case is without merit in every conceivable regard and Defendant implores the Court to grant its motion to dismiss.

## LEGAL STANDARD

Plaintiffs' Fifth Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs are unable to establish standing and therefore have failed to state a claim upon which relief can be granted.

## PLAINTIFFS LACK STANDING TO SUE EITHER AS A DISSOLVED CORPORATION OR AS INDIVIDUALS

Plaintiffs assert and fail to establish standing in three regards:

**1.     Plaintiffs Fail to Establish Standing as a Corporation**

Pinettes is a dissolved corporation and as such has no right to sue. "[A] corporation that is dissolved voluntarily...may not commence a court action." AS 10.06.678(c). The legislative history and obvious purpose of this statute, which relates to litigation and dissolved corporations, only permits a dissolved corporation to survive for purposes of defending, not prosecuting, litigation.

Furthermore, as Pinettes has no right to sue, its post-dissolution assignment to the Stahlman Family Foundation did not give the Foundation any right to sue. "An assignor can assign only what he has." *In Re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d, 951, 956-57 (7th Cir. 2003). Therefore, Plaintiffs fail to establish standing as a corporation.

**2. Plaintiffs Fail to Establish Standing as Individuals to a Shareholder Action**

There are two types of actions available to a shareholder of a company: individual and derivative. While the general rule is that a "shareholder has no individual cause of action for injuries to his corporation," there are

3

two exceptions to this rule. *Hikita v. Nichiro Gyogo Kaisha, Ltd.*, 713 P.2d 1197, 1199 (Alaska 1986). The first exception occurs where the shareholder suffered an injury separate and distinct from that suffered by other shareholders. *Id.* The second exception occurs where there is a special duty, such as a contractual duty, between the alleged wrongdoer and the shareholder. *Id.* These exceptions do not apply here as Stahlman and Goard have alleged neither (1) that they suffered injuries separate and distinct from other shareholders nor (2) that there was a breach of contract to which the shareholders, as individuals, were parties. The Plaintiffs alleged only a "constructive contract" between the dissolved corporation and the Defendants, not between Stahlman, Goard and Defendants. Therefore, Plaintiffs fail to establish standing as individuals to a shareholder action.

### 3. Plaintiffs Fail to Establish Standing as Individuals with a Tort Cause of Action

Plaintiffs Stahlman and Goard are also unable to establish individual causes of actions for their infliction of emotional distress claims. Under principles of corporate law: "to obtain a personal right of action, there must be relations between the individual and tortfeasor independent

of those which the shareholder derives through his interest in the corporate assets and business." *Shroeder v. Hudgins*, 690 P.2d 1345 (Ariz. App. 1988), cited in *12B Fletcher, Cyclopedia of the Law of Private Corporations* § 5914 (2004). In the instant case, Plaintiffs have not plead any relations to TNPNFI outside their relations as former shareholders of Pinettes, nor have they plead that as individuals they entered into a "constructive contract" with TNPNFI. Therefore, Plaintiffs Stahlman and Goard fail to establish standing to maintain personal rights of action against TNPFI in tort.

## **CONCLUSION**

Plaintiffs' complaint must be dismissed because Plaintiffs lack standing and therefore fail to state a complaint upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

DATED at Anchorage, Alaska this 26th day of May 2006.

> s/ W. Sherman Ernouf
> The Law Offices of Ernouf & Coffey, P.C.
> 207 E Northern Lights, Blvd., Suite 200
> Anchorage, Alaska  99503
> (907) 274-3385
> (907) 274-4258 – fax
> sernouf@eclawfirm.net
> ABA# 9806026

I hereby certify that on May 26, 2006,
a copy of the foregoing Memorandum in
Support of Motion to Dismiss was served
electronically on:

-Peter C. Gamache
-Mary L. Pate
-Joshua M. Freeman

s/ W. Sherman Ernouf
The Law Offices of Ernouf & Coffey, P.C.