Peter C. Gamache, Esq.
Law office of Peter C. Gamache
405 W. 36th Avenue, Suite 201
Anchorage, Alaska 99503
(907) 563-6969
FAX (907) 563-5083
Email: peter_gamache@yahoo.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STAHLMAN FAMILY FOUDATION, INC.,) Assignee for PINETTES, INC., and TERRY ) STAHLMAN AND JIM GOARD, Individually, ) ) Plaintiffs, ) ) vs. ) ) THE NEW PEANUT FARM, INC., ) ) Defendant. ) ) | Case No. 3:05-cv-00301-TMB |

## MOTION TO REMAND CASE TO STATE COURT
### 28 U.S.C. §1447(c)

The plaintiffs, by and through counsel and pursuant to 28 U.S.C. §1447(c), hereby move to remand the case to state court. Now that defendant Municipality of Anchorage has been dismissed as a defendant by stipulation of the parties, there is no federal question in dispute and the district court lacks subject matter jurisdiction.

MOTION TO REMAND TO STATE COURT
Stahlman, et al. v.New Peanut Farm & MOA
Case No. 3:05-cv-00301-TMB                                                                                         Page 1 of 4

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

This case commenced in the Alaska Superior Court. Prior to removal, the plaintiffs filed a Fifth Amended Complaint. Before the amended complaint was accepted, defendant Municipality of Anchorage removed the case to the U.S. District Court. By stipulation of the parties, the Fifth Amended Complaint was accepted as the operative pleading. [Document 10]

The basis of removal was subject matter jurisdiction under 28 U.S.C. §1331 since the Fifth Amended Complaint alleged violations of the U.S. Constitution and 42 U.S.C. § 1983. [Docket 1] The Ninth Cause of Action alleged a violation of the plaintiffs' First Amendment rights, and the Tenth Cause of Action alleged a violation of plaintiffs' rights under 42 U.S.C. § 1983. These two causes of action are the only federal claims in this case; all other claims are based on state law or common law.

However, the Ninth and Tenth Causes of Action were alleged solely against defendant Municipality of Anchorage, not against defendant the New Peanut Farm. The allegations against the New Peanut Farm contain no federal causes of action. By order of May 30, 2006, the Municipality of Anchorage was dismissed as a defendant with prejudice in this case. [Document 33] Along with the Municipality, all allegations of federal violations were likewise dismissed. The basis for removal under 28 U.S.C. § 1331 no longer exists, and the court lacks subject matter jurisdiction.

The remaining claims against defendant the New Peanut Farm alleged in the Fifth Amended Complaint may be found in Causes of Action Eleven to Fifteen as follows:

11. Breach of Lease Agreement
12. Breach of Constructive Trust
13. Breach of Good Faith and Fair Dealing
14. Infliction of Emotional Distress on Terry Stahlman, and
15. Infliction of Emotional Distress on Jim Goard

None of these claims involves federal subject matter jurisdiction or requires the expertise of the federal court to resolve. Indeed, other than those rulings based on the stipulation of

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

MOTION TO REMAND TO STATE COURT
Stahlman, et al. v.New Peanut Farm & MOA
Case No. 3:05-cv-00301-TMB                                                                                      Page 2 of 4

the parties themselves, to date the court has not made any rulings affecting the rights and interests of the parties in this case. This is the appropriate reason and time for remand this case back to state court. This case is essentially a quasi contract or lessee-lessor dispute between two Anchorage businesses, and the proper venue for such dispute is in state court.

28 U.S.C. § 1447 (c) provides:

**(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

This motion for remand is timely. Remand based on lack of subject matter jurisdiction may be made at any time before final judgment. And although the language of § 1447 (c) is mandatory (i.e. the case **shall** be remanded), removal is entrusted to the sound discretion of the court. Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). (A federal district court has discretion to remand a properly removed case to state court when all the federal-law claims in the action have been eliminated and only pendent state-law claims remain.) What is settled, however, is that the burden is on the party seeking to preserve the district court's removal jurisdiction, (i.e. the New Peanut Farm) not the party moving for remand to state court. See Sanchez v. Monumental Life Ins. Co., 102 F. 3d 398 (C.A. 9th 1996). Finally, because removal was at the behest of a dismissed party, there is no reasonable basis for requiring payment of costs and fees incurred as a result of the removal. Neither the plaintiffs nor defendant New Peanut Farm sought removal of the case. And remand by the plaintiffs has been sought at the first opportunity following dismissal of the federal subject matter claims. Therefore, it is just that each should bear its own costs and fees incurred as a result of the removal.

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

MOTION TO REMAND TO STATE COURT
Stahlman, et al. v.New Peanut Farm & MOA
Case No. 3:05-cv-00301-TMB                                                                                      Page 3 of 4

Dated at Anchorage, Alaska this 30th day of May, 2006

                  s/ Peter C. Gamache
                  Law office of Peter C. Gamache
                  405 W. 36th Avenue, Suite 201
                  Anchorage, Alaska 99503
                  (907) 563-6969
                  FAX (907) 563-5983
                  Email: peter_gamache@yahoo.com
                  Alaska Bar No. 8211116

**Certificate of Service**

The undersigned certifies that on May 30, 2006 a true and correct copy of this Motion to Remand was served electronically by the ECF system on:

-W. Sherman Ernouf

-Joshua Freeman

s/ Peter C. Gamache

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

MOTION TO REMAND TO STATE COURT
Stahlman, et al. v.New Peanut Farm & MOA
Case No. 3:05-cv-00301-TMB      Page 4 of 4