W. Sherman Ernouf
The Law Offices of Ernouf & Coffey, P.C.
207 E Northern Lights, Blvd., Suite 200
Anchorage, Alaska  99503
(907) 274-3385
(907) 274-4258 – fax
sernouf@eclawfirm.net
ABA# 9806026

Attorney for Defendant
The New Peanut Farm, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

THE STAHLMAN FAMILY FOUDATION, INC., )
Assignee for Pinettes, Inc., and     )
TERRY STAHLMAN, and JIM GOARD,       )
Individually                         )
                                     )
        Plaintiffs,                  )
                                     )
    vs.                              )
                                     )
THE NEW PEANUT FARM, INC.,           )
                                     )
        Defendant.                   )
_____)
U.S. District Court Case No. A05-301 CV (TMB)

**OPPOSITION TO MOTION TO REMAND TO STATE COURT**

**INTRODUCTION**

The Law Offices of Ernouf and Coffey, attorneys for Defendant New Peanut Farm, Inc. oppose Plaintiff's Motion to Remand this Case back to State Court. This motion is yet another step by Plaintiffs to forestall the resolution of what has already been a protracted and fruitless lawsuit. Prior to

1

removal to federal court, this case spent nine months in state court without so much as a single substantive ruling by the court. Therefore, it is in the interest of "judicial economy, convenience, fairness, and comity" that Defendant throws itself on the mercy of the court to stop this game of judicial ping-pong and deny Plaintiffs' Motion to Remand Case. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966) Cited by *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

## **DOCTRINE OF PENDANT JURISDICTION**

The doctrine of pendent jurisdiction is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* In weighing whether a federal court should continue to exercise jurisdiction over state law claims the court should consider "the values of judicial economy, convenience, fairness, and comity." *Id*. In the instant case, these values would best be advanced by not remanding the case to state court.

"Judicial economy" was clearly not achieved in state court prior to this case's removal. Although the case was instituted in March of 2005, at the time former Defendant Municipality of Anchorage moved for removal on December 29th of 2005, the court had yet to issue a substantive ruling in spite of the fact that

Plaintiffs had filed their Fifth Amended Complaint and Plaintiffs' prior counsel had filed over 23 motions with the court, not to mention the other motions filed by Defendant TNPNFI and the other eight originally named Defendants.

Furthermore, in the interests of "convenience" and "fairness" this case should not be remanded to state court. As for "convenience," the case is now in federal court and the parties have filed numerous motions therein. The parties have agreed that the Fifth Amended Complaint is the operative suit, which is an action that even standing alone far surpasses what was achieved in state court. It would be most convenient if the remaining claims could be quickly resolved in federal court, rather than remanding the case and requiring parties to re-file all their outstanding motions in state court. (This is also in the interest of "judicial economy" as every time Defendants are required to draft and submit motions it expends not only client funds, but also judicial resources.)

As for "fairness," maintaining the federal court's pendant jurisdiction is the only equitable option, given the wild-goose chase that the Plaintiffs have led Defendants on over the past fourteen months. Allowing Plaintiffs to once more make a mockery of the judicial system by remanding the case right when it stands on the brink of resolution would be the final insult in a case that has been riddled with inappropriately named

3

Defendants, preposterous claims, and sloppy lawyering (by Plaintiffs' former counsel).

In short, to remand this case to state court would be to completely undermine the values of "judicial economy, convenience, fairness, comity," which are values that have already been given short shrift in this ridiculous and protracted case.

## ATTORNEY'S FEES

In their Motion to Remand, Plaintiffs argue not only that the case should return once more to state court, but also that each party should "bear its own costs and fees incurred as a result of the removal." *Page 3 of Plaintiffs' Motion to Remand*. Clearly, Plaintiffs have become apprehensive of their potential liability for the vast quantum of attorney's fees incurred by Defendant in defending itself against Plaintiffs' claims. They should be: Defendants have incurred almost $50,000 in legal expenses thus far and will undoubtedly incur more if the case is remanded to state court.

Defendant vehemently disagrees with Plaintiffs' assertion that no matter the result in the case, even if Defendant prevails, that Plaintiff should not be liable for the legal fees incurred by Defendant as a result of removal. But for Plaintiffs' action to file a lawsuit against nine defendants, including Defendant TNPNFI, which included allegations of

4

violations of 42 U.S.C. 1983, the case would have never have been removed to federal court in the first place. Plaintiffs cannot haphazardly allege violations of federal statutes and thereby create federal subject matter jurisdiction, while simultaneously arguing that it is not responsible for legal fees when the case is predictably removed to federal court.

## CONCLUSION

Plaintiffs' Motion to Remand is just another attempt by Plaintiffs to further delay this case by placing yet another obstacle in the way of its resolution. Defendant pleads with the Court to thwart this most recent attempt by Plaintiffs to frustrate "judicial efficiency," "convenience," and "fairness" by denying Plaintiffs' Motion to Remand Case to State Court.

DATED at Anchorage this 1st day of June 2006.

s/ W. Sherman Ernouf
The Law Offices of Ernouf & Coffey, P.C.
207 E Northern Lights, Blvd., Suite 200
Anchorage, Alaska  99503
(907) 274-3385
(907) 274-4258 – fax
sernouf@eclawfirm.net
ABA# 9806026

I hereby certify that on June 1, 2006,
a copy of the foregoing Opposition
was served electronically on:

    -Peter C. Gamache
    -Mary L. Pate
    -Joshua M. Freeman

s/ W. Sherman Ernouf
The Law Offices of Ernouf & Coffey, P.C.