Peter C. Gamache, Esq.
Law office of Peter C. Gamache
405 W. 36th Avenue, Suite 201
Anchorage, Alaska 99503
(907) 563-6969
FAX (907) 563-5083
Email: peter_gamache@yahoo.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STAHLMAN FAMILY FOUDATION, INC.,) <br> Assignee for PINETTES, INC., and TERRY  ) <br> STAHLMAN AND JIM GOARD, Individually,  ) <br>                                                                              ) <br>                    Plaintiffs,                           ) <br>                                                                              ) <br> vs.                                                                        ) <br>                                                                              ) <br> THE NEW PEANUT FARM, INC.,               ) <br>                                                                              ) <br>                    Defendant.                          ) <br> _____) | Case No. 3:05-cv-00301-TMB |

### **REPLY BY PLAINTIFFS**

### **IN SUPPROT OF MOTION FOR REMAND**

**28 U.S.C. §1447(c)**

The plaintiffs, by and through counsel, pursuant to 28 U.S.C. §1447(c), and in support of their motion for remand, hereby reply to defendant's opposition as follows:

REPLY IN SUPPORT TO REMAND TO STATE COURT
Stahlman, et al. v.New Peanut Farm & MOA
Case No. 3:05-cv-00301-TMB                                                                                                  Page 1 of 4

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

1. <u>The defendant misapplies the doctrine of pendant jurisdiction.  Where there is no subject matter jurisdiction, remand to state court is preferable to outright dismissal of the state claims.</u>

Defendant New Peanut Farm does not dispute that all federal claims alleged in this case were dismissed along with defendant Municipality of Anchorage.  It also does not dispute that as the result of said dismissals, this court now lacks subject matter jurisdiction. 28 U.S.C. § 1447 (c) provides in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Remand is not an extreme remedy, but one designed to conserve resources and protect the interests of the parties.  The alternative to remand is outright dismissal.  The Carnegie-Mellon case goes beyond the prior law be recognizing in a removed case discretion to remand the pendant state claims to state court rather than to increase the expense and time involved by dismissing and requiring plaintiff to start over in state court.  <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343 (1988). (A federal district court has discretion to remand a properly removed case to state court when all the federal-law claims in the action have been eliminated and only pendent state-law claims remain.)

Defendant New Peanut Farm is correct in saying that remand is designed to serve the principles of economy, convenience, fairness, and comity.  484 U.S. 357.   As the alternative to dismissal of the case, remand serves these principles.  This case has not yet been adjudicated on in merits.  This is not an instance where after protracted litigation, during which the court made extensive rulings of fact and law, only state claims remain. This is a case where all federal claims were voluntarily dismissed, without any court adjudication, and where all remaining claims requiring adjudication are state claims. Plaintiffs' motion to remand does not ask defendant New Peanut Farm to "start over". Instead of the original nine defendants, there is one.  And as the sole defendant, New

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

REPLY IN SUPPORT TO REMAND TO STATE COURT
<u>Stahlman, et al. v.New Peanut Farm &  MOA</u>
Case No. 3:05-cv-00301-TMB                                                                              Page 2 of 4

Peanut Farm faces only the five claims alleged in the Fifth Amended Complaint. [1] Surely the Alaska Superior Court can competently adjudicate these claims, rooted as they are in state law.

2. <u>The defendant misconstrues 28 U.S.C. § 1447 (c) as it applies to attorney fees</u>.

Regarding attorney fees, 28 U.S.C. § 1447 (c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, **incurred as a result of the removal**." [Emphasis added]  The defendant's claim for $50,000.00 in attorney fees does not distinguish between fees incurred prior to removal, and fees **incurred as a result of the removal.**  The Notice of Removal by defendant Municipality of Anchorage was filed on Dec. 30, 2005. [Document 1] Therefore only fees incurred after Dec. 30, 2005 were incurred "as a result of removal" and are relevant to the motion to remand.

Further, removal was caused by defendant Municipality of Anchorage, not by the plaintiffs.   A look at the docket sheet of events in this case since removal shows no active litigation between plaintiffs and defendant New Peanut Farm from Dec. 30, 2005 until May 26, 2006, the date on which New Peanut Farm filed its First Motion for Summary Judgment. [Document 28]  Before this date, the New Peanut Farm and plaintiffs stipulated or otherwise agreed to proceedings. In this regard, plaintiffs' actions since removal have not required New Peanut Farm to do much defending.  Plaintiffs' motion for remand made this point by saying: "Indeed, other than those rulings based on the stipulation of the parties themselves, to date the court has not made any rulings affecting the rights and interests of the [remaining] parties in this case."  Document 34, page 4.

No award of attorney fees should be made as a result of removal in this case. The language of 28 U.S.C. § 1447 (c) is permissive, not mandatory, in that the court "may" require payment but is not obligated to order it.  As for New Peanut Farm's claim of

---

[1] The remaining five claims against New Peanut Farm are: Breach of Lease Agreement, Breach of Constructive Contract, Breach of Good Faith and Fair Dealing, and Infliction of Emotional Distress on Terry Stahlman and Jim Goard.

REPLY IN SUPPORT TO REMAND TO STATE COURT
<u>Stahlman, et al. v.New Peanut Farm &  MOA</u>
Case No. 3:05-cv-00301-TMB                                                                                         Page 3 of 4

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

$50,000.00 in attorney fees, their remedy may be found in Alaska Civil Rule 82, which provides for an award of reasonable fees to the prevailing party.  Therefore, remanding this case at this time to state court does not prejudice the New Peanut Farm as to its claim for fees.  Its remedy is Alaska Civil Rule 82, not 28 U.S.C. § 1447 (c).

3.  <u>The plain meaning of 28 U.S.C. § 1447 (c) and the circumstances of this case support remand of this case back to state court in the interests of  economy, convenience, fairness, and comity</u>.

This court now lacks any subject matter jurisdiction. Plaintiffs are not seeking dismissal of the case, because such dismissal would be contrary to economy, convenience, fairness, and comity.  The plaintiffs instead seek remand to state court, a remedy which actually serves these principles.  The burden is on the party seeking to preserve the district court's removal jurisdiction, (i.e. the New Peanut Farm) not on the plaintiffs.[2] The New Peanut Farm has not met its burden.  Plaintiffs' motion for remand is timely and appropriate under the circumstances, and the motion should be granted.

Dated at Anchorage, Alaska this 2nd day of June, 2006

<u>s/ Peter C. Gamache</u>
Law office of Peter C. Gamache
405 W. 36th Avenue, Suite 201
Anchorage, Alaska 99503
(907) 563-6969
FAX (907) 563-5983
Email: peter_gamache@yahoo.com
Alaska Bar No. 8211116

**Certificate of Service**

The undersigned certifies that on June 2, 2006
a true and correct copy of the above-document
was served electronically by  the ECF system on:

-W. Sherman Ernouf

-Joshua Freeman

<u>s/ Peter C. Gamache</u>

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

---

[2] See <u>Sanchez v. Monumental Life Ins. Co</u>., 102 F. 3d 398 (C.A. 9th 1996).

REPLY IN SUPPORT TO REMAND TO STATE COURT
<u>Stahlman, et al. v.New Peanut Farm &  MOA</u>
Case No. 3:05-cv-00301-TMB                                                                                        Page 4 of 4