IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STAHLMAN FAMILY FOUNDATION, INC., Assignee for PINETTES, INC., and TERRY STAHLMAN AND JIM GOARD, Individually,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE NEW PEANUT FARM, INC.,<br><br>　　　　　　　　Defendant. | Case No. 3:05-cv-00301   TMB<br><br>REMAND ORDER |

Motion Presented

Plaintiffs have moved to remand this case back to state court pursuant to 28 U.S.C. §1447(c).[1]  Defendant The New Peanut Farm, Inc. ("Peanut Farm") has opposed.[2]  Plaintiffs have replied.[3]

Discussion

This case was first filed in Superior Court for the State of Alaska, Third Judicial District at Anchorage.  Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441(a) on the basis of this Court's subject matter jurisdiction over a federal statutory and a federal Constitutional claim asserted against defendant Municipality of Anchorage.  The Municipality of Anchorage has since been dismissed from this case with prejudice pursuant to a stipulation among the parties, so

---

[1]　　　Docket No. 34.

[2]　　　Docket No. 35.

[3]　　　Docket No. 36.

ordered by this Court at Docket No. 33. All of the remaining claims against the remaining Defendant, Peanut Farm, sound in state law.

Under 28 U.S.C § 1447(c), a district court shall remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Here, it is undisputed that the only claims remaining in this action are state law claims - breach of various contracts, breach of the duty of good faith and fair dealing, and infliction of emotional distress. This Court does not have subject matter jurisdiction over these claims.

Nonetheless, Peanut Farm urges this Court to exercise supplemental jurisdiction over the remaining state law claims. This Court may decline to exercise supplemental jurisdiction over Plaintiffs' state law claims where it has dismissed all claims over which it has original jurisdiction. 28 U.S.C.A. § 1367(c). The Court is not persuaded by Peanut Farm's argument that judicial economy, convenience and fairness would be served by retaining jurisdiction over this matter. This case deals exclusively with state law causes of action and should be adjudicated in state court. Remand is appropriate.

## Conclusion

For the reasons set forth above, Plaintiffs' motion to remand at Docket No. 34 is **GRANTED**, and this matter is **REMANDED** to the Superior Court for the State of Alaska, Third Judicial District at Anchorage. Each party shall bear its own costs and fees in conjunction with the removal of this matter.

Defendant's motion for summary judgment at Docket No. 28 and its motion to dismiss for lack of standing at Docket No. 30 are **DENIED AS MOOT**.

Dated at Anchorage, Alaska, this 16th day of August, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge